Argued 9 May, decided 2 July, 1907.

## STUBLING v. WILSON.

90 Pac. 1011, 92 Pac. 810.

FRAUDULENT CONVEYANCES—SETTING ASIDE—BURDEN OF PROOF.

1. Where a conveyance by a debtor to his brother is attacked as fraudulent as to creditors, the burden is on the grantee to allege and prove that he purchased without notice of the fraudulent intent and for a valuable consideration.

SAME—SUFFICIENCY OF EVIDENCE.

. 2. In an action to set aside a conveyance as fraudulent as to creditors, evidence examined, and *held* sufficient to show notice to the grantee of the fraudulent intent of the grantor at the time of the execution of the deed.

APPEAL—BONDS—LIABILITY.

3. Section 550, B. & C. Comp., provides that an undertaking on appeal shall be to pay all damages and costs awarded on the appeal, but that in various cases the undertaking shall not stay proceedings, unless it further provides for payment of the judgment as affirmed. Section 551 provides that, when an appeal is perfected with an undertaking for the appeal only, "proceedings shall be stayed as if the further undertaking thereof had been given." In a creditors' suit to uncover property that had been placed beyond the reach of an execution based on a judgment which plaintiff had recovered against defendants, defendants appealed from a decree against them, and, though the decree was not within section 550, the appeal bond was conditioned that the obligors would abide by the decision of the Supreme Court, and satisfy the judgment and decree so far as affirmed. *Held*, that the surety on the bond on affirmance of the decree was only liable for costs in both courts in the creditors' suit.

From Gilliam: W. L. BRADSHAW, Judge.

Statement by MR. JUSTICE EAKIN.

This is a creditors' suit to uncover property alleged to have been fraudulently conveyed. There was decree for plaintiff, and defendants appeal.

On March 4, 1904, one Jef Neal, a saloon keeper of Condon, Oregon, was indebted to the plaintiff, a wholesale liquor dealer of The Dalles, for goods previously sold, for which payment was overdue and, in consideration of an extension of the time of payment for nine months, defendant, Frank Wilson, jointly with Neal, executed and delivered to plaintiff his promissory note therefor in the sum of $1,526.35, due nine months after date. Thereafter, on June 26, 1904, said Neal, being hopelessly in debt, in consideration that Frank Wilson would pay certain debts of Neal, including the note to plaintiff, transferred to said Frank Wilson his saloon stock, business and fix-

tures, without other consideration, and said Wilson took possession thereof, and on the same day a portion of said stock of goods was attached in an action by Wilmerding Lowe Company against Jef Neal. On the 25th day of June, 1904, said Frank Wilson conveyed to defendant Fred Wilson, his brother, the south half of lot 4, of block 4, of the town of Condon, which deed plaintiff seeks to set aside for fraud. Fred Wilson was in the saloon business in Condon, and the defendants had formerly been partners in such business. Upon the maturity of the note of plaintiff he brought an action in the circuit court for Gilliam County to recover upon said note, and had the said south half of lot 4 of block 4 attached in said suit, and thereafter, on February 24, 1905, brought this suit against Frank and Fred Wilson to have said conveyance canceled as an obstruction to the enforcement of said attachment lien. Defendants answer separately, but practically make the same defense, viz., that the transfer of said lot from Frank to Fred was made in good faith for valuable consideration and without notice to Fred of any fraud.    AFFIRMED.

For appellant there was a brief and oral arguments by *Mr. R. R. Butler* and *Mr. William H. Wilson.*

For respondent there was a brief and an oral argument by *Mr. Frederick W. Wilson.*

MR. JUSTICE EAKIN delivered the opinion of the court.

We consider that there can be no question of the fraudulent intent on the part of Frank Wilson in making the deed to Fred to put his property out of the reach of plaintiff and prevent the collection of this note. Knowing that Neal was hopelessly in debt, he volunteered to Neal, unsolicited, to sign this note to plaintiff and to obtain nine months' extension of the time for payment, and within a few days after making this deed to Fred stated to Neal that Neal had paid Stubling enough money; that, if he was to lose this note, he would not be out anything, and that he (Frank Wilson) would not pay him anything. At that time, and before and after, he was carrying out of the Neal

saloon portions of the stock to Fred's saloon across the street, and the fraudulent purpose on his part clearly appears. Plaintiff claims that Fred Wilson took the deed with notice of the fraud, and also without consideration. This being a transaction between brothers, by which all of the property of Frank is sought to be placed beyond the reach of execution, and the transfer is attacked for fraud, the burden is cast upon the defendant Fred Wilson to allege and prove that his purchase was made without notice of the fraudulent intent of Frank and for a valuable consideration. *Weber* v. *Rothchild,* 15 Or. 385 (15 Pac. 650: 3 Am. St. Rep. 162). Defendants seek to cast the burden of proving want of consideration upon the plaintiff, and hence, at the trial, have done no more than testify that there was a consideration, viz., a conveyance of property in Michigan. The evidence of the facts as to this consideration was peculiarly within the power and knowledge of defendants, and it was their duty to produce it or submit to the inferences that might be drawn from its nonproduction. *Mendenhall* v. *Elwert,* 36 Or. 375 (52 Pac. 22, 59 Pac. 805). And it must be established by satisfactory proof of the consideration. *Mendenhall* v. *Elwert, supra; Marks* v. *Crow,* 14 Or. 382 (13 Pac. 55).

2. Counsel for appellants question the correctness of the statement of law made in *Robson* v. *Hamilton,* 41 Or. 239 (69 Pac. 651), and *Mendenhall* v. *Elwert, supra,* to the effect that when a failing debtor conveys property to a relative, and his creditors sustain loss thereby, the law will presume that such relative was aware of the fraudulent intent of the grantor; but by a reading of the opinion it plainly appears that the court is emphasizing the fact that the burden of proof in such case is cast upon the grantee, and we understand that to be the law by all the authorities, viz., that by virtue of the relation of the parties, the fraudulent intent of the debtor being established, the transaction is looked upon with suspicion, and the burden is shifted and cast upon the grantee to allege and show consideration and want of notice, the evidence of both of these

matters being peculiarly within the knowledge and control of such grantee, and not accessible to plaintiff, and, if not produced, it will be considered as due to inability to show such facts. This is the effect of *Marks* v. *Crow,* 14 Or. 382 (13 Pac. 55); *Weber* v. *Rothchild,* 15 Or. 385 (15 Pac. 650: 3 Am. St. Rep. 162); *Garnier* v. *Wheeler,* 40 Or. 198 (66 Pac. 812), and *Jolly* v. *Kyle,* 27 Or. 95 (39 Pac. 999), and reiterated in many other Oregon cases.

It is not a sufficient compliance with the rule for defendant to simply deny want of consideration or by a general statement assert that the consideration was a conveyance of lands in Michigan. The evidence must be such as to convince the court of its truth. It was in the power of defendants to establish the fact that Fred owned land in Michigan, and that this land was actually conveyed to Frank at the time and in the manner claimed. It is said in *Tredwell* v. *Graham,* 88 N. C. 208, and quoted with approval in *Weber* v. *Rothchild, supra,* that "the deed itself, though evidence conclusive, as to all matters between the parties, furnishes no evidence of the truth of the matters contained in its recitals, as against strangers, for as to them it is strictly *res inter alios acta.*" In the absence of such proof and in view of the other circumstances proven, we conclude that the conveyance to defendant Fred Wilson June 25, 1904, was without consideration: *Marks* v. *Crow,* 14 Or. 382 (13 Pac. 55); *Weber* v. *Rothchild,* 15 Or. 385 (15 Pac. 650: 3 Am. St. Rep. 162). Nor is there any presumption of consideration from the recital in the deed.

Also we think the evidence is sufficient to establish notice to Fred of the fraudulent intent of Frank at the time of the execution of the deed. Defendants were living in the same house, and had recently been partners in the saloon business. The deed was made the day before Frank took over Neal's saloon, and thereafter much of the Neal goods were transferred at different times to Fred's saloon. Frank testified that the goods thus carried over to Fred's saloon were only to supply Fred in an emergency, and this was the theory of the defense; but Fred testifies that he did not use any of them and derived no

benefit from them; that they were taken back—"the same identical liquor." And on cross-examination, when asked why any of it was taken to his place, said: "You will have to ask Frank about that. I was not supposed to know. I wasn't over there." This contradicts Frank, and shows that it was done with Fred's knowledge and connivance, and, although subsequent to the execution of the deed, it was only a few days subsequent, and tends to disclose a dishonest purpose to which Fred was a party; and the conclusion is irresistible that Fred was at least cognizant of the fraudulent intent of Frank at the time of the execution of the deed, and the deed was fraudulent and void as against plaintiff.

There was no error in the rulings of the court below, and the decree is affirmed.                    AFFIRMED.

Decided 24 December, 1907.

## ON MOTION TO RECALL MANDATE.

90 Pac. 810.

MR. JUSTICE EAKIN delivered the opinion.

3. Defendants by this motion seek to have the mandate recalled for the reason that the decree of this court is rendered against defendants and S. D. Fletcher, the surety, upon their undertaking on appeal for recovery of the amount of the judgment in the case of *Stubling* v. *Frank Wilson and Jef Neal.* 90 Pac. 1011. The undertaking on appeal provides, among other things: "They will abide by the decision of the Supreme Court and satisfy said judgment and decree so far as affirmed by the appellate court." But, notwithstanding the terms of the undertaking, it does not require more of the surety thereon than a compliance with the terms of the decree of the lower court, so far as it is affirmed.

The suit does not seek to enforce the judgment in the case of *Stubling* v. *Wilson and Neal,* but is a creditors' suit to uncover property that has been put out of the reach of an execution issued against the property of Frank Wilson, viz., to cancel a deed executed by Frank Wilson to Fred Wilson, that the property conveyed thereby may be made available to plain-

tiff in the satisfaction of his judgment against Frank Wilson; and in this suit plaintiff is not entitled to have judgment for the debt, and it was not so entered. This suit is not one that requires a special undertaking to stay execution under Section 550, B. & C. Comp., and is not included in any of the subdivisions thereof. Section 551, Id., provides that "in cases not provided for in such subdivisions [of section 550], when an appeal is perfected, with an undertaking for the appeal only, proceedings shall be stayed as if the further undertaking thereof had been given." This case comes within that provision. This appeal does not stay execution in the law action, but only in this suit, and this undertaking protects plaintiff in the enforcement of all the provisions of the decree of the lower court, which has no reference to the payment of the debt in the law action. The undertaking in this suit created a liability against the surety only for the costs of the lower court and of this court; and the mandate should be recalled and modified accordingly.

The motion is allowed.                    MOTION ALLOWED.