LOUDER, Respondent, v. HUNTER et al., Appellants.

(142 N. W. 251.)

**1.    Fraudulent Conveyances—Measure of Damages Against Fraudulent Grantee.**

In an action in equity to set aside a conveyance of land as fraudulent upon plaintiff, being a creditor who had recovered judgment against the grantor, judgment against the grantee for any deficiency remaining after the land was subjected to payment of plaintiff's original judgment debt, is not recoverable.

**2.    Appeal—Supersedeas Bond—Measure of Damages.**

Plaintiff recovered a judgment against defendant's grantor and then, in an action to set aside a conveyance by him as fraudulent, recovered a judgment setting aside the conveyance and finding the grantee, defendant therein, and adjudging him, personally liable for any deficiency after sale of the land. Defendant in the equity suit appealed, giving a supersedeas bond, conditioned that, if the judgment or any part thereof be affirmed, appellant should pay the amount due plaintiff on his judgment against appellant's grantor, or any part of such amount as to which the judgment shall be affirmed. Upon appeal the personal judgment was reversed, that part of the judgment setting aside the conveyance being affirmed. **Held,**

defendant and his sureties were not liable for payment of the erroneous personal judgment.

(Opinion filed June 24, 1913.)

Appeal from Circuit Court, Jerauld County.   Hon. ALVA E. TAYLOR, Judge.

Action by A. N. Louder against E. E. Hunter and others, to recover on a supersedeas appeal bond.   From a judgment for plaintiff, defendants appeal.   Reversed and remanded, with directions.

*Null & Royhl,* for Appellants.

The bond should be interpreted as if it read that Hunter would pay Louder the amount of his Miles judgment directed to be paid by the decree appealed from.

Hence to establish liability in this case it must appear, first, that the decree appealed from was affirmed within the meaning of the bond, and, second, that after the Supreme Court had rendered its judgment there was yet remaining in the decree appealed from a direction to pay some part of the judgment against Miles.

While in the judgment of the Supreme Court in Louder v. Hunter the word affirmed occurs, yet was the decree affirmed within the meaning of the appeal bond?

It must be assumed that the appeal was taken for the purpose of getting rid of the deficiency judgment.

We gained our point on the appeal and the Supreme Court by its judgment relieved us of the deficiency judgment.   We should not be deprived of the fruits of the appeal by now holding that because the Supreme Court, after modifying the decree, used the word affirmed as to the balance of the decree, the bond is liable.

The decree was not affirmed within the meaning of the bond, and even though affirmed, the decree no longer contains any direction requiring Hunter to pay the Miles judgment.

*Preston, Wagner & Tym,* for Respondent.

Hunter not only desired to have the Supreme Court decide that the judgment and decree was faulty in so far as making provisions for a deficiency judgment, but he wanted to go farther and stop Louder from selling the land which must first be sold before a deficiency could be created.

The effect of this bond was a forbearance of Louder to proceed to make his debt, and to call in the execution.

Hunter was not successful on the appeal other than eliminating the deficiency clause.

McCOY, J. Suit was brought to recover upon a supersedeas appeal bond. Findings and judgment were in favor of plaintiff, and defendants appeal.

It appears from the record that plaintiff, Louder, recovered a judgment in the circuit court of Jerauld county against one Miles for the sum of $1,546.49, and that execution was issued upon said judgment against Miles and returned unsatisfied. Thereafter an action was commenced by Louder against the defendant Hunter claiming that said Miles had fraudulently conveyed and transferred certain real property, consisting of some 76 town lots situated in Wessington Springs, to Hunter with intent to hinder and delay the creditors of Miles in the collection of their debts. Judgment in said action was rendered in favor of plaintiff vacating said conveyance from Miles to Hunter and decreeing that plaintiff's said judgment in the case against Miles be and constitute a lien against said real property in the name of Hunter, and that said real property be sold in satisfaction of said judgment lien, and which judgment also decreed and adjudged that, if any deficiency arose by reason of said property not being sufficient to satisfy said judgment lien, defendant Hunter pay such deficiency. In the case of Louder v. Hunter execution was issued and levy made upon said town lots, but prior to sale defendant Hunter served notice of appeal and cost and supersedeas bond and removed said cause to the Supreme Court, and thereupon plaintiff suspended all proceedings in relation to the sale of said town lots. The supersedeas condition of said appeal bond was as follows: "That if said judgment appealed from or any part thereof be affirmed, or said appeal be dismissed, the said appellant will pay the amount due plaintiff, Louder, on his judgment against Miles, directed to be paid by the judgment, or the part of such amount as to which said judgment shall be affirmed, if it be affirmed only in part and all damages and costs that shall be awarded against appellant on appeal." On the hearing of said cause in the Supreme Court (27 S. D. 271, 130 N. W. 774), decision was rendered affirming the judgment of the circuit court as to the part thereof vacating and setting aside the said transfer of said town lots by Miles to Hunter, but reversing that part of the judgment adjudging that Hunter pay

the deficiency that might exist in the Miles judgment after the sale of said property. On the trial of the case at bar in the lower court, the court found the amount due on the judgment against Miles and rendered judgment in this case against the appellants, Hunter and his sureties on said appeal bond, for the full amount of the Miles judgment.

[1, 2] Appellants now contend there should be no recovery against them of the Miles judgment under the provisions and conditions of said appeal bond. We are of the opinion that appellants are not liable on said bond for the payment of any part of the Miles judgment, but are liable on said bond, if at all, only for such damages, if any, as may have resulted to respondent from the delay occasioned by the taking of such appeal, such as the depreciation in value of the specific real property which was the subject of the action in which the appeal was taken, and, possibly, some other items of damages, such as interest or value of use and occupation, dependent upon the circumstances as to value and situation of the real estate. The action of Louder v. Miles was an action at law in which a personal money judgment were rendered against Miles. The subsequent action of Louder v. Hunter, in which the appeal bond sued upon in the case present was given, was an action on the equity or chancery side of the court in the nature of an action in rem to vacate deeds and subjects certain specific real property to the payment of a judgment lien. In this latter action, under the circumstances of the case, it was not proper or possible to render a legal or valid personal judgment, except for costs, against the defendant Hunter. There was, however, a judgment rendered against Hunter not only that said property, claimed to have been fraudulently transferred to him be applied in payment of said Miles judgment, but also in effect that Hunter personally pay the said personal judgment against Miles. This was the judgment appealed from by Hunter, and on which appeal he gave the stay bond sued upon in this action, and on which appeal the judgment was affirmed as to the cancellation of deed of transfer and right to apply the said town lots in satisfaction of the Miles judgment, but was reversed as to the part adjudging Hunter to personally pay the Miles judgment. While in the first instance it was necessary for Hunter to give appeal bond to stay said judgment in its entirety, to stay said judgment as to the sale of

said lots, and also to stay that part of said judgment requiring
him to personally pay said Miles judgment, still, when the said
judgment on appeal was reversed as to the personal judgment
against Hunter, his appeal bond then ceased to be liable or stand
as security for any part of the personal judgment against him, ,
and then only, if at all, stood as security for that part of the
judgment which was affirmed. The only supersedeas bond that
could have been lawfully required of Hunter as a condition to
staying that part of the judgment which was affirmed was one
conditioned in effect to pay whatever damages might accrue to
Louder by reason of the delay incident to and caused by the taking
of such appeal as to that part of the judgment, and any other
condition, not pertinent to that part of the judgment, in so far as
the liability of the sureties on the bond was concerned, was of no
effect and of no avail in this action to recover upon the bond.

It seems to be generally held that where a judgment appealed
from requires the sale of certain specific property to satisfy some
other judgment, lien, or indebtedness, under circumstances where
no personal judgment can be legally rendered against the appellant
for the payment of such other judgment, lien, or indebtedness, no
liability is incurred by the sureties on such appeal bond for the
payment of such other judgment, lien, or indebtedness, but under
such circumstances the only liability incurred is for damages, the
result of the delay occasioned by the taking of such appeal. Stub-
ling v. Wilson, 50 Or. 282, 90 Pac. 1011, 92 Pac. 810; Marean
v. Stanley, 34 Colo. 91, 81 Pac. 759; Jenkins v. Hay, 28 Md. 547;
Markoe v. Am. Surety Co., 44 App. Div. 285, 60 N. Y. Supp.
674; Smith v. Caldwell, 96 Mo. App. 632, 70 S. W. 962; Sosman
v. Conklin, 65 Mo. App. 319; Deatherage v. Sheidley, 50 Mo.
App. 490; Hunt v. Hopkins, 83 Mo. 13; Kephart v. Bank, 4
Mich. 602; Kennedy v. Nims, 52 Mich. 153, 17 N. W. 735; Healey
v. Newton, 96 Mich. 228, 55 N. W. 666; Wilson v. Glenn, 77 Ind.
585; Williams v. Vaughan (Tex. Civ. App.) 43 S. W. 850;
Wayne County v. Kennicott, 103 U. S. 554, 26 L. Ed. 486;
Kountze v. Omaha Hotel Co., 107 U. S. 378, 2 Sup. Ct. 911, 27
L. Ed. 609. It seems in this class of cases that the supersedeas
bond as such alone cannot be substituted for and in lieu of the
original indebtedness, as in effect may be and sometimes is done
where the original indebtedness is the result of the personal ob-

ligation of appellant; that in such cases the appellant is not interested, connected with, nor liable for the original indebtedness, excepting in so far as it may affect the title, possession, or value of the specific property which is the subject of the action in which the appeal is taken.

The judgment and order appealed from are reversed, and the cause remanded for further proceedings in accord with the views herein expressed.