Holt County v. Harmon, et al.

———o———

59  165
50a 497

HOLT COUNTY, Defendant in Error, *vs.* CHARLES HARMON, *et al.*, Plaintiffs in Error.

1. *Counties—Loan for benefit of county "internal improvement" fund—Purchase of land by county at sale of land mortgaged to secure loan, etc.*—A bond with mortgage on certain lands was executed to Holt County to secure the payment of sundry county funds loaned "for the benefit of the internal improvement fund" of said county. At the mortgage sale the County Court, through its attorney, bought the land, bidding therefor the full amount of the loan, but afterwards re-advertised it, and on sale to a third party, it bringing only a portion of the debt, suit was brought on the bond for the remainder. The answer set up the first sale in satisfaction of the debt. *Held,* that the County Court had no power to purchase the land; that the bidding by its attorney was a nullity and properly disregarded, and re-sale of the land properly ordered.

*Semble,* that the County Court owns no fund known as "internal improvement" fund. But in reference to special funds of every description committed to its care, it acts not as owner but merely as a trustee, to carry out specific provisions of the law; and the purchase of land in such circumstances is not one of its delegated powers.

2. *Judgment without notice, taken advantage of, how.*—A judgment against one not brought into court by notice or appearance, cannot be taken advantage of in a collateral proceeding but will be reversed on appeal or writ of error.

*Error to Holt Circuit Court.*

*T. H. Parrish & B. Pike,* for Plaintiffs in Error.

I. The County Court of Holt County, in the collection of the bond sued on, being the agent of the county, all the acts of such agent within the scope of its authority, express or implied, are binding on the county, and the purchase of the mortgaged lands by the county attorney, expressly authorized for that purpose, was binding on the county and court. (33 Mo., 361; 29 Mo., 71; 28 Mo., 589.)

II. Holt County, by law, is authorized in some cases and for some purposes to take and hold the title to real estate and is a *quasi* corporation. And it is a well settled doctrine, that where a corporation, or *quasi* corporation, is authorized to acquire and hold title to real estate for some purposes, it cannot be made a question by any party, except the State, whether or not real estate acquired by such corporation has been acquired for the authorized uses or not. (Hayward vs. Davidson, 41 Ind., 212, 213; Chambers vs. City of St. Louis, 29 Mo., 543.)

*James Limbird,* for Defendant in Error.

I. County Courts can exercise no powers except such as are expressly or impliedly delegated to them by the legislature of the State, and the statute nowhere authorizes the County Court to bid on any real estate or become its purchaser at any sale under a mortgage to secure a loan; and such bid is void. (49 Mo., 236.)

II. The County Court in the management of the "internal improvement" funds are governed by the statute law governing the management of the school fund. (Wagn. Stat., §§ 18, 19, 20, p. 870; §§ 78, 81, 83, 87, 89, pp. 1258–59; 44 Mo., 79; 15 Mo., 604; 7 Mo., 194.)

VORIES, Judge, delivered the opinion of the court.

This action was brought to recover an amount charged to be due on a bond for seven hundred dollars with interest, executed by the defendants, Charles Harmon and Peter Bender as principals, and John C. Bender, William A. Harmon and Nimrod "J. Kyger as sureties" to Holt County, for the benefit of the internal improvement fund in said county.

The petition was in the usual form, and the bond in the form usually used by the county when loaning portions of the school funds belonging to the county. The bond sued on was also secured by a mortgage executed by the principals therein, by which they conveyed a tract of land to the county to secure said bond, the mortgage being in the form of mortgages taken to secure school township money.

It appears from the record, that the only defendants served with process, or who appeared to the action, were Nimrod Kyger and John C. Bender. These two defendants, who were served, appeared in the Holt Circuit Court and filed their answer to the plaintiff's petition, in which they admitted the execution of the bond sued on, but denied that they were then indebted thereby.

The said defendants, as a defense to said action, charged that the note or bond sued on was executed to Holt County for the use and benefit of the "internal improvement" fund of said county, by said Charles Harmon and Peter Bender as principals, and the said defendants as their sureties; that at the time of the execution of said bond, Charles Harmon and Peter Bender, in order to secure the payment of said bond, executed to said county their deed with power of sale, wherein the sheriff of Holt County was made the trustee, conveying for the security of said bond a tract of land therein named, which was fully sufficient to secure the amount due by said bond, and which land is still worth the full amount thereof; that afterwards, on the 7th day of March, 1872, the County Court of Holt County, by their order in writing, directed the sheriff of Holt County to sell said real estate for the purpose of paying said debt; that said sheriff in pursu-

ance of said order did advertise said land for sale on the 15th day of April, 1872, at the court house door in said county as the law and said deed directed; and that on said day said sheriff did, pursuant to said advertisement, sell said land at the said court house door to the highest bidder for cash; that said defendants as sureties in said bond as aforesaid, attended said sale for the purpose of making said land bring a sufficient sum to pay the whole amount due on said bond and for said purpose they did bid upon said land; that one T. C. Dungan, who was the acting county attorney for said county, by the direction of the County Court, did bid for said county the full amount of said bond, interest and costs, and being the highest bidder, the said land was struck off and sold to said county for a sum sufficient to discharge the whole amount due by said bond as aforesaid; that afterwards, on the 10th day of May, 1872, the said County Court, with the intent to cheat said defendants, induced said sheriff, who was trustee as aforesaid, to return said land not sold, for want of bidders, which return was so fraudulently made by said sheriff; that on said 10th day of May, 1872, said County Court made another and second order in writing, directing said sheriff to again sell said land for the said purpose, as alleged, of paying off and discharging the amount due by said bond; that in pursuance of said last named order, said sheriff did, on the 19th day of August, 1872, at the court house door, again sell said land to the highest bidder for cash in hand, and that one Collins became the purchaser at, and for the sum of $382; that out of said sum, the sheriff first paid all costs incurred in said sales; and the balance being $270, was credited on said bond.

It is then insisted by the answer, that by reason of the purchase of said land by said county at the first sale thereof, for an amount sufficient to discharge the amount due by said bond, said defendants paid no further attention to the matter and knew nothing of the second sale by the sheriff until long after said sale; that by reason of all such acts on the part of the county and its agents, defendants insist that they are ful-

Holt County v. Harmon, et al.

ly discharged from further liability on said bond sued on, wherefore they pray judgment, etc.

To this answer the plaintiff demurred, on the grounds that the answer did not state facts constituting any defense to the action, and on the ground that the county had no authority or capacity to purchase said land at the first sale thereof; that said attempted purchase being a mere nullity could not have the effect to release defendants; and several other argumentative grounds of demurrer were stated, which need not be here repeated.

The court afterwards upon a hearing of this demurrer sustained the same; and said two defendants standing by their demurrer and failing to further answer, final judgment was rendered against all of the defendants in the case. The defendants have sued out a writ of error, and brought the case to this court.

There are two grounds of objection raised and insisted on in this court, as reasons why the judgment rendered by the Circuit Court should be reversed.

It is first insisted that the answer filed in the case by the defendants, John C. Bender and Nimrod J. Kyger presented a sufficient and legal defense to the plaintiff's action; and that the court therefore erred in sustaining the demurrer to said answer, and in rendering a judgment against said defendants on the demurrer.

It is secondly insisted, that the court erred in rendering a judgment in the cause against all four of the defendants in the case, when only the two defendants answering were ever served with process or ever appeared in the case.

As to the first objection raised by the defendants, that the court erred in sustaining the demurrer to the answer filed in the cause, it would seem that the solution of the question would somewhat depend on the power of the County Court over the fund for which the bond sued on was given. It is stated in the answer that the bond was taken for the benefit of the "internal improvement" fund of the county of Holt. The attorneys in the case have not referred us to any statute

now in force which designates any fund under the charge of the County Court, which is, by law, designated as the "internal improvement" fund. We have a road and canal fund, or three per cent. fund, which comes into the hands of the different County Courts for specific purposes; but which fund does not belong to the county, properly speaking, and over which the County Court has no control except as provided by the statute. (Wagn. Stat., 1215; Pettis County vs. Kingsbury, 17 Mo., 479.) By the 19th section of the statute above referred to, the County Courts of the several counties are authorized to transfer this fund to the public school fund.

By the 74th section of the statute of this State concerning schools, it would seem that almost all of the special funds arising from donations of land by the United States to the State of Missouri, or otherwise coming to the State from gifts, bequests, etc., now constitute a public school fund. (Wagn. Stat., 1257.)

And it is also provided by the statute concerning swamp lands that the moneys arising therefrom shall be governed and loaned as school monies are loaned and managed by the different County Courts.

These statutes are referred to, to show that nearly all of these special funds have been either merged into the common school fund, or are governed by the law regulating the control of school moneys by the several County Courts. And none of these special funds, which are intrusted to the control of the County Court for specific purposes, can properly be called the property of the county.

It seems to me that a question identical in principle with the one under consideration was decided in the case of Ray County vs. Bently and Barr, (49 Mo., 236). The bond in that case was similar to the one in this case, except that it was executed to Ray County for school money, and was so stated in the bond. A mortgage was also executed in that case by the principal in the bond on real estate with the usual statutory provisions. Default was made in the payment of the bond. The County Court of Ray County ordered the land to be

sold, and directed and authorized the county clerk to bid on the same. The clerk bid the principal and interest on said bond, and the property was struck off to him for the use of the county. Immediately after this the court, assuming that it had no power to purchase, ordered a re-sale of the property by the sheriff. At the second sale, Barr, the surety, bid in the property at an amount considerably less than the amount due on the bond; and an action was brought by the county, as in this case, to recover the balance due on the bond. The answer set up the first sale, as in the present case, as a satisfaction of the debt. The plaintiff replied, setting up as new matter the order of the court ordering a second sale and the purchase by Barr. This replication was on motion stricken out. It was held by this court that the County Court had no power to purchase the land; and, that the bidding off of the land by the clerk for the county was a mere nullity and was properly disregarded and a re-sale ordered. It is said in that case by the learned judge delivering the opinion of the court, that "the county is not the owner of the fund. The title is simply vested in it, as trustee, for convenience to carry out the policy devised by the law making power for the appropriation and distribution of the fund. In the care and management of the fund, the County Court acts purely in an administrative capacity, not as the agent of the county, but in the performance of a duty specifically devolved upon it by the laws of the State. There is nothing judicial in the exercise of its functions in this respect. The County Court does not derive its authority from the county, and it can exercise only such powers as the legislature may choose to invest it with."

I think that this reasoning applies to the present case and I will only add that in that opinion the questions involved are fully discussed and will not be further pursued here.

If the doctrine of that case is adhered to, the answer in this case was properly held to be bad, and we have no disposition to depart from the ruling in that case.

The second objection made by the defendants seems to have more force in it. The judgment, evidently, by oversight, was a general one against all of the defendants to the action, when only two of them had been served with process, or otherwise had notice of the action, and only the two who were served with a summons ever appeared in the action. This was, of course, erroneous; and although such an error could not be taken advantage of in a collateral proceeding, upon writ of error, such judgment will be reversed. (Lennox vs. Clark, 52 Mo., 115; Smith vs. Rollins, 25 Mo., 408; Pomeroy vs. Betts, 31 Mo., 419.)

For the reason that the judgment is in form against parties not served and who did not appear, the judgment is reversed and will be remanded to the Circuit Court where the proper judgment can be entered on the demurrer; or such other proceedings taken as may be consistent with the law in such cases; the other judges concur.