JASPER COUNTY v. WADLOW *et al.*, *Appellants.*

1. **Swamp Land, Selection of:** TITLE: EVIDENCE. The report of the Secretary of the Interior of the United States to the State, confirming land as swamp land, and the patent of the land by the State to a county, vests the title in the latter; and in ejectment by the county to recover the land, the defendant cannot assail such title by showing that the land was not in fact swamp land, and that the Secretary of the Interior had made a mistake in confirming it as such.

2. **Judgment for Taxes, Purchaser Under:** WHAT INTEREST HE ACQUIRES. A sale and deed of land under a judgment for taxes, is only effectual to pass the title of the parties to the tax suit. If, at the time of such sale, the defendant had only a right to a deed on the payment of the purchase money, that is all the interest the purchaser at the sale would acquire.

3. **Order of Publication:** DEFECTS IN, WHEN NOT COLLATERALLY ASSAILABLE. An order of publication of notice of a suit which requires the defendant "to appear on the first Monday, 1877, of the next term of the court to be holden in Carthage," is not so defective as to be subject to collateral attack. While the first Monday of the month on which the next term of the court was to be held was not directly named, it was so inferentially, as the law designated the first Monday of May, 1877, as the time when the next term of the court was to be held after the publication.

4. **Ejectment:** COMPENSATION FOR IMPROVEMENTS. A defendant in ejectment can obtain compensation for improvements only in the manner provided by Revised Statutes, sections 2259, 2260.

5. **Judgment Without Notice:** PRACTICE. A judgment will be reversed where one of the defendants against whom it was rendered, was not served with summons and was not otherwise brought into court.

*Appeal from Lawrence Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED.

*C. H. Krum* and *William Thompson* for appellants.

Appellants have a fee simple title to the land in controversy. 1st, Under the statute of limitations; 2nd, Under sheriff's deed for taxes, dated March 29th, 1879. The certified copy of the report of the Secretary to the Register of Lands of Missouri, and the patent from the State to Jasper county was not a sufficient showing of legal title in the county to entitle it to recover. *Stephenson v. Stephenson,* 71 Mo. 127; U. S. Rev. Stat., § 2479 to § 2481; *Ib.,* § 2484; *Funkhouser v. Peck,* 67 Mo. 31. The tax deed under which appellants claim title entitled them to a judgment. *DeTreville v. Small,* 98 U. S.; *Welshear v. Kelley,* 69 Mo. 343; *Raley v. Guinn,* 76 Mo. 263; *Ewart v. Davis,* 76 Mo. 129; R. S., § 6839; 2 Wag. Stat., p. 1206, § 219. The judgment against T. C. H. and Lucy W. Smith was rendered without notice, is, therefore, void, and may be attacked collaterally. *Napton v. Leaton,* 71 Mo. 366, 367; R. S., §§ 3494, 3500; *Bobb v. Woodward,* 42 Mo. 482; *Higgins v. Peltzer,* 49 Mo. 152; *Cravens v. Moore,* 61 Mo. 178.

*Phelps & Brown and T. B. Haughawout* for respondent

The patent from the state vested in plaintiff the legal title to the land. R. S. § 6204. The objection to the proceeding to enforce the vendor's lien that the order of publication was defective, is not available here. The judgment recites that the defendant had been duly notified, and is conclusive upon the parties and cannot be set aside in a collateral proceeding. *Bradley v. Ramey,* 67 Mo. 280; *Kane v. McCowan,* 55 Mo. 181. The order of publication was sufficient; it notified the defendant to appear at the "next regular term of the court," and the law fixed the time for holding the court of which the defendant was bound to take notice when the order of publication was silent as to commencement of the term. The purchase money being due and unpaid, the plaintiff could maintain

ejectment to recover possession of the premises against Lucy W. Smith, the vendee, or any person claiming under her, even if her equity had not been foreclosed, and the action could only be defeated by offering to pay for the lands. Sedgwick & Wait on Trial of Title to Land, §§ 306, 307 ; *Home Mfc. Co. v. Gough,* 2 Brad. (Ill.) 477 ; *Hill v. Winn,* 60 Ga. 339. The defendant claiming under Lucy W. Smith, the vendee of plaintiff, he cannot dispute the title of plaintiff. Sedgwick & Wait on Trial of Title to Land, § 317 ; *Pershing v. Canfield,* 70 Mo. 140 ; *Lesher v. Sherwin,* 86 Ill., 420 ; *Lenbury v. Stewart,* 22 Ala. 207 ; *Jackson v. Bard,* 4 John. (N. Y.) 230 ; *Harvey v. Morris,* 63 Mo. 475. The defendant acquired no interest in the land by his purchase at the tax sale. At the time the tax suit was brought the interest of Lucy W. Smith having been purchased and owned by Jasper county, the land was not subject to taxation. R. S. § 6659. If, however, it should be held that the land was subject to taxation, still Jasper county, not being a party to the tax suit, her interest in the land could not be sold and did not pass by the tax sale. Only the parties to the suit can be affected by the judgment and sale thereunder.

NORTON, J.—This is an action of ejectment commenced in the circuit court of Jasper county and taken by change of venue to Lawrence county. The suit was brought against James M. and E. D. Wadlow for the recovery of the possession of 280 acres of land in the petition described. Wm. Thompson was on his own application made defendant as the landlord of defendant Wadlow. The petition is in the usual form ; the answer, after admitting that defendant was in possession of the premises, denies all the other allegations of the petition and sets up adverse possession for more than ten years before the suit was brought. The reply put in issue the new matter. On the trial plaintiff obtained judgment from which defendants appealed to this court.

On the trial, plaintiff, in support of her title, put in evidence a certified copy of the report of the Secretary of the Interior to the Register of Lands of Missouri confirm-- ing the selection of the lands as swamp land. Plaintiff next put in evidence a patent from the State of Missouri conveying to Jasper county the land in dispute. Plaintiff then offered S. G. Franklin as a witness who testified that about 35 acres of the land occupied by defendant, Wadlow, was in cultivation. This witness, on cross-examination, stated that the land sued for " was not wet, swampy or overflowed land; that it was high rolling prairie; that the entire section was high, dry, rolling prairie;" other evidence was offered as to the rental value and plaintiff rested. Whereupon defendant asked the court to give an instruction that, " upon the evidence plaintiff could not recover," which the court refused to give, and this action is complained of as being erroneous.

The court did not err in this ruling. The selection of the land in controversy, as swamp land, having been confirmed to the State by the report of the Secretary of the Interior, and a patent for the same having issued from the State to Jasper county, plaintiff was invested with a complete title, behind which defendant could not go, and show by parol or otherwise, that the land, in fact, was not swamp land, and that the Secretary of the Interior had made a mistake in confirming the selection of the same as swamp land. *Funkhouser v. Peck*, 67 Mo. 19; *Stephenson v. Stephenson*, 71 *Mo.* 127. Besides this it is expressly provided in Revised Statute, section 6204 that all patents issued, as required by that act, shall be received and read as evidence in all courts in this State as *prima facie* evidence of title in the counties where overflowed or swamp land lies.

The defendant then put in evidence an order of the county court of Jasper county made on the 11th of February, 1858, authorizing the sale of the swamp lands of the county to one George E. Ward, including the land in controversy. This order authorized the sale of said land on

twelve months' time, the purchaser to give his note with security for the purchase price, and contained the further provision that the purchaser should be entitled to a deed from the county when the purchase price was paid. Defendant, also, put in evidence an order of said court made on the 27th of February, 1858, approving the report of sale made by the commissioner in conformity with the said order of the 11th of February, 1858, and directing the commissioner to make deeds to the purchasers of the lands whenever the purchase money was fully paid. The defendant then put in evidence various deeds which had the effect of passing to one Lucy W. Smith whatever interest said Ward took in the lands by virtue of his purchase from the county, which was nothing more than a right to a deed from Jasper county when the purchase money was paid.

It, also, appeared in evidence that Jasper county had, in 1873, contracted the land in controversy with other land to said Lucy W. Smith, taking her note for the unpaid purchase money in the sum of $2,005.75. Defendant, also, put in evidence a tax deed conveying the interest of Lucy W. Smith to E. G. Thompson, and also a deed from the heirs of E. G. Thompson to defendant, William Thompson, it having been shown that said E. G. Thompson had died. Said tax deed was dated the 28th of March, 1879. Defendant then read in evidence the record of a judgment rendered in October, 1878, in a suit by the *State ex rel Wakefield, collector of Jasper county, v. T. C. H. Smith and Lucy W. Smith* for the enforcement of the State's lien for delinquent taxes for the years 1875 and 1876. Defendant, also, put in evidence a promissory note of said Lucy W. Smith to Jasper county and order of publication as to Lucy W. Smith and T. C. H. Smith in a suit instituted by Jasper county against said Smiths to enforce the lien of the county upon said land for the payment of the purchase money. It was then admitted that the land was neither swampy, wet or overflowed, and witness, Mickey, testified that she had lived on the land for more than ten years before this

suit was brought as the tenant of said Smith, and then as the tenant of said Thompsons.

In rebuttal, plaintiff put in evidence the judgement in the case of *Jasper county v. T. C. H. and Lucy Smith*, foreclosing the vendor's lien upon the land in suit, and also a sheriff's deed, made in pursuance of an execution which issued upon the judgment, foreclosing plaintiff's lien for purchase money on said land, and conveying all the interest of the said Smiths to Jasper county. This deed was duly executed and acknowledged on the 29th of January, 1878, and filed for record on the first day of February, 1878, the judgment on which the execution issued was rendered Nov. 20th, 1877.

This was all the evidence. Although no instructions were asked or given, inasmuch as the claim by the respective parties is based upon proper evidence of title it is our duty to pass upon the legal effect thereof.

The report of the Secretary of the Interior, confirming the selection of the land in question as swamp land to the State, and the patent from the State to Jasper county for the same, vested the title in the county, and entitled it to a' recovery, unless the defendant in some way acquired the title from the county. We are of the opinion that the evidence fails to show that the county had parted with its title, either to defendant or those under whom he claims. In the contract made by Jasper county with Lucy W. Smith the county retained the title and only agreed to divest herself of it when the purchase money was fully paid. It is not pretended that this was done, either by defendant or those under whom he claims. It is, however, earnestly contended by counsel that the tax deed read in evidence had the effect of putting the title of the county in defendant's grantor. This position, we think, cannot be maintained for the reason that the record in the suit to foreclose the lein of the State for taxes, shows that Jasper county was not a party to that proceeding. T. C. H. Smith, Lucy Smith and one Bradshaw were the only de-

fendants.   The sale and deed, made under the judgment, was, therefore, only effectual to pass the title of said parties, whatever it was.   If, at the time of the tax sale, Lucy W. Smith had nothing more under her contract than the right to have a deed from the county to the land on payment of the purchase money, that was all the defendant's grantor, E. G. Thompson, acquired.

There is still another reason why defendant, under the evidence, is not entitled to judgment.   It is this: Jasper county under the sale and deed made by the sheriff in virtue of an execution issued on a judgment in the case of *Jasper County v. Lucy W. and T. C. H. Smith* to foreclose the lien of the county on said land for the unpaid purchase money, acquired whatever equitable interest said parties had in said land, and the deed conveying this interest was filed for record before the rendition of judgment in the tax suit.

It is agreed by counsel that the judgment rendered in the suit to foreclose the vendor's lien, because of irregularities and defects in the order of publication is utterly void.   The order of publication was dated the 10th of February, 1877 ; it states the title of the cause, the court in which it is pending, the general nature and object of the suit, and notifies defendants that unless they be and appear at the next term of said court to be holden at the court house in the city of Carthage, in the county and State aforesaid, on the first Monday, A. D., 1877, and on or before the third day thereof, if the term shall so long continue, &c.   Proof of publication of this notice was made before the court, showing the first insertion to have been made in the Carthage Banner on the 15th day of February, 1877, and for four successive weeks, the last insertion being on the 8th of March, 1877.   The proof of publication was filed on the 15th of April, 1877, and the next term of the court was the first Monday in May, 1877.   The court of Common Pleas, in which the suit was pending, held six terms annually, viz. : first Mondays in January, February,

May, June, October and November. Judgment in the case was rendered at the October term, 1877. Counsel insist that the notice for defendants "to appear at the next term of said court, to be holden at Carthage on the first Monday, 1877, and on or before the third day thereof," means that they should appear on the first Monday in January, 1877. This construction we think an erroneous one, and the notice may more probably be read for defendants to appear on the first Monday, 1877, of the next term of the court and on or before the third day thereof.

When the order of publication complies substantially with the statute, as we think the one in this case does, while it might be open to direct attack, the judgment based upon it is not a nullity, and therefore, not subject to be assailed collaterally. *Brawley v. Ranney*, 67 Mo. 280, and cases cited; *Kane v. McCowan*, 55 Mo. 181; 57 *Mo.* 160. When the irregularity is such as to make the judgment a nullity and absolutely void, it may be the subject of collateral attack. We do not think that the defect or irregularity complained of is of that character. The defendants are informed by the notice of the court in which the suit is pending that the suit is founded upon a note, the date and amount of which is given, the rate of interest it bears, and that it was given for the purchase price of certain lands, describing them and including the lands in controversy in this suit, and that they were required to appear on the first Monday, 1877 of the next term of court to be holden in Carthage. While the first Monday of the month on which the next term was to be held is not directly named, we think it is inferentially, as the law designated the first Monday of May, 1877, as the time when the next term of court was to be held after the publication.

It was observed in argument that valuable improvements had been made by defendants on certain of the premises in controversy. As to this, it may be said the only way for a defendant in ejectment to obtain the value of improvements made by him in good faith, is to proceed

as provided in sections 2259–2260 R. S., after judgment against him for possession. *McClannahan v. Smith*, 76 Mo. 428.

The question, as to whether defendent, notwithstanding the foreclosure of the vendor's lien, may or may not have the right still to pay the purchase money, is not involved in this case on the record before us, and hence we do not discuss it. A kindred question to it is discussed in the case of *Stafford v. Fizer, post*.

It appears from the record that E. D. Wadlow, one of the defendants, was neither served with summons nor in any other manner brought into court, and that judgment was taken against him, as well as the other defendants; this under the ruling of this court in the case of *Holt County v. Harmon*, 59 Mo. 165, was erroneous, and for that error the judgment is reversed and the cause remanded. All concur.