OF

## THE STATE OF MISSOURI

AT THE

## OCTOBER TERM, 1884.

*(Continued from Volume 82.)*

---

## HUNT v. HOPKINS *et al.*, *Appellants.*

**Special Tax Bills :** JUDGMENT ON APPEAL BOND. One who obtains a special judgment on a special tax bill before a justice of the peace, and which on appeal to the circuit court is affirmed, must seek to enforce the same by execution against the property before resorting to an action on the appeal bond.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

REVERSED.

*Jas. F. Mister* for appellants.

(1) The instructions given for plaintiff, even if abstractly correct, ignore the actual issues presented by the pleadings, while those asked for by defendants present the real and only issues of the case and embrace the substantial merits of the controversy. (2) By the purchase from the city and the conveyance of the

Hunt v. Hopkins.

property to the plaintiff, and the subsequent dealings of the plaintiff with the property—refusing to issue executions against it when it was his duty to do so, if acting in good faith, and especially when the judgments appealed from were a charge on *that property only* and no other—plaintiff practically abandoned his claim against defendants and the lien of the tax bills was lost, merged, and extinguished by the acts of the plaintiff himself, and no assertion of liability on the appeal bond could properly be made.    (3) Intervening events affecting the issue may be shown to prevent a former judgment from being conclusive, even where the title has been tried in a writ of entry.  *McKissick v. McKissick*, 6 Humph. (Tenn.) 75; *Gluckauf v. Reed*, 22 Cal. 458; *Parker v. Standish*, 3 Pickering (Mass.) 288; *Dwyer v. Goran*, 29 Iowa 126; *Neafie v. Neafie*, 7 John. Ch. (N. Y.) 1; 11 American Decisions, 380; Freeman on Judgments (3d Ed.) sec. 329; *Ransom v. Farish*, 4 Cal. 386.  (4) Under no circumstances will a judgment or decree take effect upon *rights not then existing.  Jones v. Petatuma*, 36 Cal. 230; *Reed v. Calderwood*, 32 Ibid. 109.

*W. E. Sheffield* for respondent.

The only question in this case is, whether an action can be maintained upon an appeal bond given upon an appeal from a judgment rendered by a justice of the peace on a special tax bill, issued under the city charter of the City of Kansas.   The appeal was taken by virtue of the general statute, which allows appeals to be taken from the judgments of justices of the peace (see Revised Statutes, sec. 3039), and, of course, no appeal could have been taken without the giving of bond (see Revised Statutes, sec. 3041), and the bond in this case must have the same force and effect as in ordinary cases.   The security thereon must be liable as in any other case; otherwise the giving of the bond would be a farce.   The case is the same as that of a mechanic's lien, when suit

is brought against the contractor with special judgment against the property, and the owner of the property appeals as he may do and gives an appeal bond. (See Revised Statutes, sec. 2880). In such cases it will not be claimed that the bond cannot. be enforced against him, because there is no personal judgment in the case against the owner of the property.

RAY, J.—Certain special tax bills were issued by the City of Kansas to plaintiff, under a contract between the city and plaintiff for the construction of sidewalks, in front of certain lots in Ranson & Hopkin's addition to said city. March 30, 1877, judgments, amounting in the aggregate to $131.35 and for $7.35 costs, were rendered on ten of said special tax bills for the construction of such sidewalks, by a justice of the peace, who was, under said charter, given jurisdiction thereof, and authorized to render a special judgment thereon, where the amounts due thereon did not exceed $300. On the same day Chas. Hopkins filed his affidavit for an appeal therefrom, and the present defendants then made and filed with said justice an appeal bond, by which they acknowledged themselves indebted to plaintiff, in the sum of $150, to be void on the usual conditions in recognizance in ordinary cases of appeals from judgments of justices of the peace, and said appeal was thereupon allowed under the General Statutes regulating such appeals (now secs. 3039 and 3041, Revised Statutes) there being, it seems, no peculiar or special provision in said charter for taking appeals from judgments rendered by justices of the peace in this class of cases.

Upon the trial anew in the special law and equity court, judgments were again rendered October 2, 1877, in favor of plaintiff, on each of said special tax bills for sums amounting in the aggregate to $142.45 and for $24.10 costs, with interest on said judgments at fifteen per cent. per annum. The amended charter, approved March 24, 1875, sec. 4, art. 8, provides among other things:

"That in suit upon any tax bill, the judgment shall be special, and that the plaintiff recover the amount due, including interest, to be levied of the land described in the bill, and a special execution shall issue to sell the land to pay such judgments, interest, and costs, and the judgment shall bear interest at the same rate as the tax bills."

No execution was ever issued, or applied for, by plaintiff to satisfy said judgments, and they have never been paid. On the ———— day of ———— the plaintiff instituted the present action against defendants, on the appeal bond above mentioned, for said sum of $150 and for costs in the said several suits, etc., assigning and alleging as a breach of said bond, said failure to pay or satisfy said judgments.

The joint and several answer of defendants admits the substantial allegations of the petition and the facts hereinbefore set out, but it sets up certain provisions of the charter which will be duly noticed: a sale of said lots for "delinquent taxes," and alleges a purchase and conveyance thereof to the plaintiff, and charges that the lien of the "tax bills" became thereby merged and extinguished, and charges that plaintiff suffered no damage by the appeal; that the lots had a higher market value at the time of the rendition of the judgments by the appellate court than when the appeal was taken, and that plaintiff neglects and refuses to take out special executions on said special judgments, cr proceed against the property therein specified, as therein directed; that said judgments are not otherwise enforceable against defendant, Hopkins, and that no other liability attaches, by virtue of the giving of said undertaking, or appeal bond, beyond courts of appeal, etc.

November 13, 1875, the city collector of Kansas City sold said lots, on which the tax bills were thus chargeable, for said delinquent taxes for the years 1874 and 1875, and at said sale Wm. E. Sheffield became the purchaser for $100, which was the amount of taxes,

interest, costs, etc., then due thereon, and on November 5, 1877, received a deed therefor, which was read in evidence by defendants. Under sec. 63, art. 6, of the charter, the legal effect of such deed was "to vest in the grantee an absolute estate in fee simple in the real property described therein, free from all incumbrances of whatsoever kind or nature, subject, however, to all unpaid taxes which are a lien thereon."

Defendants also read in evidence a quitclaim deed, dated November, 1877, duly executed and acknowledged, from said Sheffield to Mrs. Ellen Hunt, the wife of plaintiff's brother, Robert H. Hunt, who was mayor of the city at the time the contracts were let, and under which said tax bills were issued.

William E. Sheffield, being called as a witness by the defendants, testified as follows:

"I am and for years have been the attorney of Michael Hunt, and, also, Robert H. Hunt. They are brothers; and Ellen L. Hunt, to whom I made the quitclaim deed, is the wife of Robert H. Hunt. I did not purchase the property at the tax sales with my own money. I do not know whose money it was; it was given to me by Robert H. Hunt, at whose request I purchased the lots. Mrs. Hunt did not pay me anything for my deed to her. I brought the suit upon the tax bills issued to Nathaniel Grant, of Hunt against Charles G. Hopkins and Sands W. Hopkins, which has been referred to. Grant, Michael Hunt, and Long and myself were in partnership in these contracts. Robert H. Hunt had nothing to do with them, that I know of. Robert H. Hunt was mayor of the City of Kansas at the time these contracts were let under which said tax bills were issued. I know of no arrangement between Michael Hunt and Robert H. Hunt with respect to the property in any of these tax bills. I did buy, at tax sales for Robert H. Hunt, largely property in which Michael Hunt had some interest by way of special tax bills or judgments therein."

Chas. Hopkins testified that each of said lots was worth more when the judgments were rendered in the special law and equity court than when appeal was taken and have increased in value ever since.

At the conclusion of the evidence, the substance of which we have thus set out, the court gave at plaintiff's instance the following declarations of law:

1. That the obligors, upon the appeal bond or recognizance sued on in this case, are liable in the same manner and to the same extent as obligors are liable in ordinary cases, upon appeal bonds or recognizances.

2. That it is not necessary in order to maintain this action that execution should have been issued upon the judgments rendered in the special law and equity court, as set out in the petition herein.

The following, asked by the defendant, were refused:

1. If the court finds from the evidence that the several special judgments referred to in the petition and read in evidence, as rendered by the special law and equity court, were unappealed from in that court, that they still remain in full force and effect, and that plaintiff has omitted, and neglected to, and never has taken out any executions on said special judgments, then the finding should be for the defendants.

2. If the court finds that the plaintiff and R. H. Hunt are brothers, and that the said Ellen L. Hunt is the wife of said R. H. Hunt; that Sheffield, by the tax deed read in evidence, bought said property at said tax sale, took the deed, and afterwards conveyed the same to said Ellen L. Hunt at the request of plaintiff, or at the request of said R. H. Hunt, and in order to protect the said plaintiff, and with the plaintiff's consent, then the finding should be for the defendants.

3. On the record and undisputed evidence in this cause, the plaintiff cannot recover.

The defendant duly excepted to the court's action in giving the former and refusing the latter. The court gave special judgments for the plaintiff, as required by

the provisions of said charter, and after an unsuccessful motion for new trial, the defendants appealed the case to this court.

The controlling question in this case, as we think, is the proper construction of the appeal bond in question. Its conditions are that: "If, on such appeal, the judgment be affirmed, or if, on the trial anew in the appellate court, judgment be given against the appellant, and he shall satisfy such judgment, or if his appeal be dismissed, and he shall pay the judgment of the justice, together with the costs of the appeal, the recognizance shall be void." On the trial anew in the appellate court, it is true, judgment was given against the appellant, but that judgment was a special judgment, to the effect that the plaintiff recover the amount due, including interest and costs, to be levied of the real estate, in the special tax bills described, upon which it is declared to be a lien, and that there be thereof special execution, etc., as provided by the charter. No execution was ever issued or applied for by plaintiff to satisfy said judgment as therein provided for, but instead thereof, the plaintiff has instituted this suit on the appeal bond in question, and the failure to satisfy said judgment is assigned as a breach of the condition thereof to that effect. The respondent insists that the obligors in this appeal bond are liable in the same manner, and to the same extent, as obligors in ordinary cases, upon appeal from justices of the peace.

This position, we think, is not tenable. The bond in question manifestly must be construed with reference to the nature and effect of the judgment appealed from, and such as might be rendered in the appellate court. In ordinary cases before justices of the peace, where plaintiff gets judgment, there is usually a personal liability on the part of the defendant, for the amount of the debt or damages so recovered and judgment accordingly. Not so in the case at bar. Here there is no personal liability whatever for the amount recovered,

which, as we have seen, is to be levied of the real estate described in the special tax bills sued on, and upon which said judgment is made a lien, and a special execution authorised for its satisfaction, as provided in said charter.

In ordinary cases, however, when plaintiff gets judgment, the appeal bond renders the sureties, as well as the principal, personally liable for the amount of the judgment appealed from, or that may be rendered for plaintiff on trial anew in the appellate court. In the case at bar no such personal liability existed, for the judgment appealed from, and none such is created by the appeal bond in question, for judgment to be rendered for plaintiff in the appellate court on a trial anew. Such, manifestly, is not the effect or intention of an appeal bond in a case like the present. At all events, it is quite clear, we think, in a case like the present, that the plaintiff must first exhaust the remedy provided by the special lien judgment, and execution authorized by the charter in question, in such cases.

If after he has done that, his judgment remains unsatisfied, it will then be time enough, upon a proper showing, to consider and determine any damages he may claim to have sustained by reason of said appeal bond. The first and second instructions given for the plaintiff are, therefore, erroneous. The first and third refused for defendants, for the same reason, should have been given. Sec. 2880 (mechanic's lien law) to which we have been referred, is no authority for plaintiff's position. In cases of that sort, there may be, and usually is, a personal liability for the amount recovered, and where there has been personal service, a personal judgment may be rendered accordingly. (See sec. 2875 of same act.) That of itself sufficiently accounts for the language of sec. 2880 and shows the dissimilarity between that case and this. From this view of the case, we deem it unnecessary to notice other questions, noticed in brief of counsel.

For these reasons the judgment of the trial court is reversed. All concur.