HOLLIDAY v. AEHLE *et al., Appellants.*

99 273
50a 496

**Execution:** TENANCY FROM MONTH TO MONTH. The interest of a tenant from month to month is not vendible on execution without the assent of the lessor.

*Appeal from Cooper Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

THIS is an action of ejectment, originally against defendant Aehle only, to recover possession of a lot and building in the city of Boonville.

The petition is in the usual form.

The answer of Aehle denied the allegations of the petition. Afterwards the court permitted Sauter, on his own motion, to be made a party defendant. He answered, denying the allegations of the petition, and affirmatively stating that he was the owner of the property.

The case was tried before the court without a jury.

It appeared that the plaintiff was the purchaser at sheriff's sale under a judgment against defendant Aehle of all his right, title and interest in the lot sued for. The plaintiff introduced the sheriff's deed, conveying all the interest of Aehle in said lot, and then proved that the latter had been in possession of the house and lot for two or three years before the trial and ever since the house was built; that he was in possession at the time of the sheriff's levy and sale, and continued in the possession to the day of trial. The plaintiff then proved rents and profits and rested.

Defendants asked the court to sustain a demurrer to the evidence, which it declined to do.

VOL. 99–18

It was admitted for the purposes of the trial that, at the time of the sheriff's sale, the title to the property was in the defendant Sauter.

Defendants then offered evidence tending to show that Aehle, the defendant in execution, was a tenant of Sauter's, occupying the lot and the building thereon by a verbal letting, and that he had been such for two or three years, including the time when the execution sale took place.

At the instance of plaintiff the court declared the law as follows, viz.:—

"If the court sitting as a jury shall find from the evidence that the defendant Charles F. Aehle was in possession of the property described in the petition at the time of the sheriff's sale, and at the institution of this suit, and still remains in possession thereof, then the sheriff's deed read in evidence passed all of the right, title and interest of defendant Aehle to plaintiff, Anna Holliday ; and the court must find the issues for the plaintiff, although the court may believe that said Aehle is in possession as the tenant of his co-defendant Sauter."

There was a finding for plaintiff.

After the necessary measures for a review, the defendants appealed.

*Emmet R. Hayden* for appellants.

The instruction given by the court at the instance of the plaintiff has no support from the evidence adduced on the trial of this cause. The defendant C. F. Aehle had no interest in the lot that could be subjected to sale "as real estate" under the plaintiff's execution. His interest in the lot was and is a chattel personal and not a chattel real, that is, he was in possession of the lot as a tenant at will, or from month to month, under a lease "not in writing"—a verbal lease

—made to him by his co-defendant, August Sauter, the admitted owner of the legal title to the lot. See R. S. 1879, sec. 3078. That such interest could not be subjected to sale "as real estate" under the execution issued on plaintiff's judgment in the circuit court of Cooper county against the defendant Aehle, see R. S. 1879, sec. 2355, and *Gunn v. Sinclair*, 52 Mo. 327, *et seq.* The sheriff's deed conveyed no interest in the lot in controversy to the plaintiff, and the instruction of the court based on the theory that it did is erroneous.

*Draffen & Williams* for respondent.

(1) One in possession of land has such an interest as may be sold under execution. "If a judgment debtor at date of sale under execution has a bare possession, and no other claim, his interest to that extent is transferred by the sale." *Matney v. Graham*, 59 Mo. 190; *Miner v. Wallace*, 10 Ohio, 403; Freeman on Executions, sec. 175. (2) It is sufficient for the purchaser at a sheriff's sale to show, in order to entitle him to recover in an action of ejectment against the defendant in the execution, that the defendant was in possession at the time of the levy and sale, and that his possession continued to the day of trial, and that all of the execution defendant's right, title and interest has passed to the purchaser. *Kellogg v. Kellogg*, 6 Barb. 116; *Matney v. Graham*, 59 Mo. 190; *Gitchell v. Kreidler*, 12 Mo. App. 497.

BARCLAY, J.—The case requires us to determine the effect of a purchase at execution sale of the tenant's interest under a statutory tenancy from month to month (R. S. 1889, sec. 6371) when the landlord resists such transfer to the purchaser.

That an interest in land created by mere possession may, generally speaking, form the subject of a recovery in ejectment, will be assumed. But in applying that

rule to a case like this, regard must be had to the terms of positive law regulating assignments of such an interest in possession as is here involved.

By our statute it is declared that "no tenant for a term not exceeding two years, or at will, or by sufferance, shall assign or transfer his term or interest, or any part thereof, to another, without the written assent of the landlord." R. S. 1889, sec. 6368.

In this case the interest in dispute is a tenancy from month to month, and therefore included within the statute as a tenancy "for a term not exceeding two years."

To sanction a transfer, by means of legal process, of the tenant's interest in such an estate, without assent of the landlord, would be to afford an easy mode of evading the plain meaning of the law.

Had the landlord assented to the transfer, the case would be different. But he has not done so. He may, therefore, lawfully insist on holding the original tenant to the terms of the existing tenancy as defined by the statute governing it (R. S. 1889, sec. 6371). An execution purchaser from the tenant cannot deprive him of this right.

The instruction given by the court at plaintiff's instance is not in accord with these views.

It is therefore necessary to reverse the judgment and remand the cause which is accordingly done.

Brace, J., concurs in this opinion. Ray, C. J., and Sherwood, J., concur in reversing the judgment and remanding the cause. Black, J., dissents.