Deatherage v. Sheidley.

---

CHARLES P. DEATHERAGE, Respondent, v. GEORGE SHEIDLEY et al., Appellants.

Kansas City Court of Appeals, June 13, 1892.

1. **Mechanics' Liens:** MONTHLY TENANCY: STATUTES CONSTRUED. Section 5708, Revised Statutes, 1889, is broad in its terms, and covers a month to month lease interest, and section 6369 of said revision is not applicable, at least under the facts of this case.

2. ———: ADDITION REMOVABLE: FINDING OF TRIAL COURT. On the evidence, the trial court was justified in finding that the addition on which it enforced the lien could be removed without injury to the original building.

Deatherage v. Sheidley.

3. ———: JUDGMENT WRONGLY ENTERED AGAINST NON-APPEALING DEFEND-
ANT: PRACTICE. In an action to enforce a mechanics' lien, where the
contractor does not appeal from the judgment of the justice, it is
error on the appeal of the land-owner for the circuit court again to
enter judgment against the contractor; but, since this defect is a
barren technicality, it is proper practice to remand with directions.

4. ———: JUDGMENT ON APPEAL BOND. In an action to enforce a
mechanics' lien, where the land-owner alone appeals from the judg-
ment of the justice, and the appeal bond is in the usual form for
appeals from justices, and the judgment of the circuit court modifies
that of the justice, it is error to enter judgment against the sureties
on the appeal bond. The embarrassments arising from the statutory
provisions governing appeals from justices in such cases discussed
with suggestions.

*Appeal from the Jackson Circuit Court.*—HON. JAMES.
GIBSON, Judge.

REVERSED AND REMANDED.

*Stocking & Alexander,* for appellants.

(1) The defendant Sheidley's demurrer to the
evidence should have been sustained. The statute
gives a lien on leasehold estates for buildings and
improvements made thereon by the lessee. R. S.
1889, sec. 6707. But the words "building" and
"improvement," as used in that section, are synony-
mous. *Collins v. Mott,* 45 Mo. 100; *Richardson v.
Koch,* 81 Mo. 264. The improvement or building
must be an independent structure. *Dugan v. Scott,*
37 Mo. App. 662. (2) The court, as shown by the
declaration of law given by it of its own motion, found
for plaintiff because it believed that the materials could
be removed without damage to the old building. This
was an immaterial issue. *Mfg. Co. v. Gapen,* 22 Mo.
App. 397. The question was, whether the work con-
stituted an independent structure, and not whether it.

could be removed without damage to the old building. The giving of the declaration of law by the court of its own motion, and the refusal of defendant Sheidley's instruction, numbered 5, were errors.   (3)   A tenancy from month to month is not a "leasehold" within the meaning of the mechanics' lien law.   Addison's Law Dictionary; Bouvier's Law Dictionary; Rapalje & Lawrence's Law Dictionary.   The interest of a tenant from month to month is not vendible on execution. *Claflin v. Sylvester*, 99 Mo. 273.   Section 6708, Revised Statutes, 1889, must be construed together with section 6368.   *Squires v. Fithian's Adm'r*, 27 Mo. 134; *Clark v. Thatcher*, 9 Mo. App. 436; R. S. 1889, sec. 6371.   (4,)   The judgment of the circuit court against Brown, who had not appealed from the judgment of the justice, and was not in the circuit court for any purpose, was void.   *Perry v. Block*, 1 Mo. 484; *Urton v. Sherlock*, 61 Mo. 257.   Therefore, the entire judgment is a nullity.   *Ins. Co. v. Clover*, 36 Mo. 393,; *Holt Co. v. Harmon*, 59 Mo. 165; *Bank v. Stump*, 2 Mo. App. 545; *Decker v. Lidwell*, 3 Mo. App. 586; *City of St. Louis v. Gleason*, 15 Mo. App. 25.   (5)   The motion in arrest filed by the sureties in the appeal bond should have been sustained.   It was error to render judgment against the sureties for the whole amount of the debt. The judgment of the justice was not affirmed, the appeal was not dismissed, and no judgment was rendered against the appellant.   *Bauer v. Cabanne*, 105 Mo. 110; *Cranor v. Reardon*, 39 Mo. App. 306; *Noffsinger v. Hartnett*, 84 Mo. 549.   Not only is this the letter of the statute but also its spirit.   The statute under which this bond was executed clearly contemplated a personal judgment against the appellant.   The form of this bond is prescribed by section 6329, Revised Statutes, 1889.   *Hunt v. Hopkins*, 83 Mo. 113.

*Deatherage & Young,* for respondent.

(1) The declaration of law given by the court of its own motion was properly given, and the fifth declaration, asked by the defendant, was properly refused. (2) It is the well-settled rule of the courts of this state that the mechanics' lien law should be liberally construed. *McAdow v. Sturtevant,* 41 Mo. App. 220; *DeWitt v. Smith,* 63 Mo. 263; *Douglas v. Zinc Co.,* 56 Mo. 388; *Jodd v. Duncan,* 9 Mo. App. 417; *Chambers v. Benoist,* 25 Mo. App. 520; *Fleely v. Hickery,* 3 Mo. App. 592; *O'Brien v. Hanson,* 9 Mo. App. 545; *Cole v. Barron,* 8 Mo. App. 509. The case of *Squires v. Fithian's Adm'r,* 27 Mo. 134, cited by defendant, does not apply to this case. (3) The appellants raise the point for the first time in this court that the personal judgment against Brown in the circuit court is void, because Brown did not appeal from the judgment of the justice. This point was not raised in the motions for new trial and in arrest of judgment, and the lower court's attention was not called to it. It cannot, therefore, be considered here. *Claflin v. Sylvester,* 99 Mo. 276; *Ferneau v. Whitford,* 39 Mo. App. 311; *Riggins v. O'Brien,* 34 Mo. App. 613. But the judgment of the circuit court against Brown, the contractor, was not void. It is true that the general rule is that the judgment of the justice remains in full force against all defendants who do not appeal, but there are exceptions to all rules, and exceptions to the general rules have been frequently applied to mechanics' liens. *Schulenberg v. Werner,* 6 Mo. App. 292. Nor the rule that a demand cannot be divided. *Hayden v. Logan,* 9 Mo. App. 492; *Beardsley v. Morgan,* 4 Mo. App. 139. In a mechanics' lien suit a personal judgment against some one is necessary. The lien is only an incident to the personal judgment. *Steinkamper v. McManus,* 26

Mo. App. 51; *Wibbling v. Powers*, 25 Mo. 559; *Simmons v. Carrier*, 60 Mo. 581. It is plain that the court should construe the law so that its intent and spirit can be carried into effect, and that can only be done by a trial *de novo* of the whole case on appeal. It is well settled that a judgment, void as to one, is not void as to all in a collateral attack. *Williams v. Hudson*, 93 Mo. 524; *Greene Co. v. Wilhite*, 35 Mo. App. 39. Even in a direct proceeding the doctrine that a judgment, void as to one, is void as to all is of doubtful validity. *Belkin v. Hill*, 53 Mo. 492–496. (4) The judgment against the sureties on the appeal bond, after exhausting the remedy against the contractor and the property charged with the lien, was proper. R. S. 1889, sec. 6167; *Ring v. Bridge Co.*, 57 Mo. 496. The question is, what is meant by the words "against the appellant?" Are they to be construed as meaning a personal judgment, or as a judgment against the interest owned by him in the property?

ELLISON, J.—This action was instituted to enforce a mechanics' lien, and the following is a sufficient statement of the principal facts upon which it is founded:

Defendant Sheidley was the owner of a lot fronting on Main street in Kansas City, upon which there was a two-story brick building, which was rented by a month to month tenancy to F. W. Hauser. On March 1, 1890, Sheidley and Hauser entered into a lease agreement whereby Sheidley leased the property to Hauser for two years and eleven months at an increased rate of rent, and with the agreement that Hauser was to erect a one-story building in the rear of the one then standing on the lot, to cost $1,000. The contract provided that the lease should not become operative unless this building was completed in one month, and that Hauser execute to Sheidley a bond to protect Sheidley from

liens by reason of this improvement. A building was ·erected, though not as agreed upon, and, by reason of non-compliance, also, with the other conditions of the lease, it never became operative, thus leaving Hauser a tenant from month to month.

Plaintiff filed his lien on both the building, which was on the lot when the addition was commenced, and also on the addition and the leasehold interest of Hauser in the lot and buildings, the lien statement stating that the lumber was used in the original building and the one-story addition thereto. Suit was brought before a justice of the peace against Brown, the contractor, Hauser, the lessee with whom Brown contracted, and Sheidley, the owner of the property. Judgment was rendered by the justice against Brown and against both the original building and the one-story addition thereto, and the leasehold interest of Hauser therein. From this judgment Sheidley alone appealed to the circuit court. In the circuit court judgment was rendered personally against Brown, who had not appealed from the judgment of the justice, the sureties in the appeal bond of Sheidley, and a special judgment against the addition and against "such interest as Hauser had in the property at the time the addition was completed."

It is insisted that a tenancy or lease interest from month to month is not such an interest as may be subjected to a mechanics' lien. We are not of such opinion. Section 6708, Revised Statutes, 1889, is broad in its terms, and will cover such a lease interest. It was decided in *Squires v. Fithian*, 27 Mo. 134, that a mechanics' lien was not contemplated where the tenancy was one at will. But this case arose under a local statute applicable to St. Louis county, which contemplated leases of not less dignity than an estate for years. Our present statute is not so restricted. That

it is far more comprehensive than the local act referred to, can be readily ascertained by a comparison. See, also, *Broadwell v. Clark*, 39 Mo. 170, and *Ombony v. Jones*, 19 N. Y. 234.

But defendant urges that a tenant's interest in a tenancy from month to month cannot be sold, assigned or transferred by him without the consent of his landlord (section 6368, Revised Statutes, 1889, of the landlord and tenant act); and that such interest cannot be sold on execution. *Holliday v. Achle*, 99 Mo. 273. This statute and decision are not applicable. For, since section 6708 of the lien statute provides, as we have seen, for the enforcement of a lien against such an interest we must hold that in such case a sale of such an interest is sanctioned by the statute. This is clearly so as applied to the facts of this case; for, when this defendant authorized the erection of this improvement by his tenant, he must be held to have contemplated that the rights incident to mechanics' liens might attach. We think, therefore, that the judgment against the improvement and Hauser's interest in the lot, by reason of his tenancy, was proper.

It is next said that the addition is not such an independent structure as could be removed from the premises as authorized by statute, without injury to the original building. The court found to the contrary, and was amply justified in so doing. We do not see how the cases of *Ambrose Mfg. Co. v. Gapen*, 22 Mo. App. 397, and *Dugan v. Scott*, 37 Mo. App. 662, have any bearing on the facts of the case.

II. As was ruled in *Murdock v. Hillyer*, 45 Mo. App. 287, there must be an adjudication establishing the debt against the contractor, in order to enforce the lien for such debt. In this case Brown was the contractor to erect the improvement, and a personal judgment was rendered against him in the justice's court

for the sum claimed. He did not appeal, but on the appeal of his codefendant Sheidley the circuit court inadvertently entered judgment against Brown again. As Brown did not appeal this was erroneous, and, while it would not render the judgment void in a collateral proceeding, it is here attacked directly, and must cause a reversal. The adjudication against Brown in the justice's court was, however, a sufficient foundation, in this respect, for the lien, and it was not necessary to again enter judgment against him; we will, therefore, reverse the judgment that the circuit court may render a judgment omitting Brown. Such judgment, in order to show regularity upon its face, ought, perhaps, to recite the judgment against Brown in the justice's court. Where the defect is a barren technicality, we believe this to be the proper disposition. It would appear to be sanctioned in *Holt Co. v. Harmon*, 59 Mo. 165.

III. The circuit court entered up judgment, summarily, against the sureties on the appeal bond, and this is claimed to be error. The conditions of the bond are as follows: "Whereas, George Sheidley has appealed from the judgment of J. T. Clayton, a justice of the peace, in an action between Charles P. Deatherage, plaintiff, and R. H. Brown *et al.* Now, if on such appeal, the judgment of the justice be affirmed, or, if on trial anew in the circuit court, judgment be given against said appellant, and he shall pay the judgment, or his appeal shall be dismissed, and he shall pay the judgment of the justice, together with costs of appeal, then this recognizance shall be void, otherwise it shall remain in full force."

The sureties have the right to stand on the letter of this obligation. *Cranor v. Reardon*, 39 Mo. App. 306; *Bauer v. Cabanne*, 105 Mo. 110. Neither of the

three conditions upon which liability of the sureties depend has happened. The judgment of the justice was not affirmed, the appeal was not dismissed, and the only remaining question is, was there a judgment rendered against the appellant? We think there was not, and that there could not be in a case of this nature, since the appellant was in no manner liable to the action. He was only interested in the litigation from the fact that it was sought to charge property which he owned with a lien. The personal liability was on the contractor. The bond should be construed with reference to the nature of the judgment which can be rendered by the circuit court, and that court, as we have seen, cannot render a judgment against this appellant. Whatever embarrassment or difficulty there may be in a case of this sort is that the legislature has made bonds for appeal from ordinary judgments of justices of the peace, where a personal liability exists against appellants, apply to cases on mechanics' liens where frequently, as in this case, there can be no personal liability. The case of *Hunt v. Hopkins*, 83 Mo. 13, was an appeal by a property-owner from a judgment rendered on a special tax bill where there could be no personal liability. The questions there considered are somewhat applicable here, and the conclusions reached, we think, go far towards sustaining what we have said. It is evident that there should be a special appeal bond provided for in mechanics' lien cases, where those other than the debtor appeal, which would be applicable to the rights and equities of the parties. In this case the judgment rendered by the justice included some of appellant's property not liable to the lien, and the circuit court refused to include such portion in the judgment. It might be that a property-owner would be willing to concede a lien against certain of his property, but would appeal if other portions were included. In

such cases it would certainly be unjust to compel him to pay the judgment, notwithstanding he succeeds in releasing that portion of his property he contended for.

In addition, then, to the directions given above, the circuit court will set aside the judgment on the appeal bond. In all other respects the cause was properly tried.

Reversed and remanded.    All concur.

