JOSEPH S. SOSMAN *et al.*, Appellants, v. ROLAND CONKLIN *et al.*, Respondents.

St. Louis Court of Appeals, February 25, 1896.

1. **Mechanics' Liens:** APPEAL BY OWNER: LIABILITY ON SUPERSEDEAS BOND. When, in an action by a subcontractor, a personal judgment is rendered against the original contractor and the claim is also adjudicated to be a mechanic's lien, and one of the landowners thereon appeals to this court and gives a *supersedeas* bond in the ordinary form, and the judgment is thereon affirmed by this court, the appellant and his sureties do not by reason thereof become answerable on their bond for the payment of the personal judgment.

2. ————: ————: EFFECT AS TO PERSONAL JUDGMENT AGAINST ORIGINAL CONTRACTOR. *Held, arguendo,* that while such appeal by the owner brings up for review the personal judgment against the original contractor as well as the adjudication of the lien, it does not vacate that judgment, nor suspend the issue of execution thereon.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*Heffernan & Buckley* for appellants.

When the appeal was taken, the whole case was appealed, that as to Conlon, the original contractor, as well as Jarvis-Conklin Mortgage Trust Company. *Carthage v. Bowman,* 55 Mo. App. 204. The collection

of the judgment was superseded as to both Conlon and the lien by this appeal; and when the collection of the judgment in any way that the plaintiffs had a right to collect it was suspended by the giving of the bond, the bondmen became liable for the judgment. *Mahlman v. Williams*, 12 S. W. Rep. 335; *Session v. Pintard*, 18 How. 106; *Staley v. Howard*, 7 Mo. App. 377; *Bauer v. Cabanne*, 105 Mo. 118. The condition of the bond itself is such as makes the defendants liable for the amount of the judgment. It provides that, if the judgment of the circuit court should be affirmed by the court of appeals, or if·the appellants fail to prosecute their appeal with due diligence to a decision in the court of appeals, they will satisfy the judgment. To determine the liability of bondmen on statutory appeal bonds, the statute itself controls their liability. Elliott on Appellate Practice, sec. 358. And the bond itself is construed most favorably to the obligees. Elliott on Appellate Practice, sec. 359, and note 4.

*Beardsley, Gregory & Flannelly* and *White & McCammon* for respondents.

BOND, J.—The facts in this case are that plaintiffs, as subcontractors, recovered a personal judgment on June 4, 1894, against the original contractor for a building, known as the Baldwin Theatre, in Springfield, Missouri, for $1,865 and costs of suit. This judgment was declared a lien on said building prior to a deed of trust thereon given by the owners of the property to the Jarvis–Conklin Mortgage Trust Company. Said mortgagee appealed from said judgment, giving therefor a bond in the form prescribed by statute, with defendants as sureties. None of the other parties to said suit appealed. For failure to prosecute this appeal, the judgment of the lower court was

affirmed by this court (59 Mo. App. 313). In pursuance of a mandate to this effect the Greene county circuit court entered a judgment of affirmance of the judgment thereinbefore rendered. During the pendency of such appeal the property on which the mechanic's lien was adjudged was sold under a judgment obtained by another lienor, and conveyed to one C. B. McAfee, who declared himself trustee for all the holders of mechanics' liens on said property, including plaintiffs. All of such lien claims aggregated $14,000. The value of the property held in trust therefor was $20,000. The bond executed by the defendants as sureties of the Jarvis–Conklin Mortgage Trust Company contained the following conditions: "The condition of this bond is that the appellant will prosecute his appeal with due diligence to a decision in the appellate court, and shall perform such judgment as shall be given by such court, or such as the appellate court may direct the circuit court to give, and if the judgment of such court, or any part thereof be affirmed, that he will comply with and perform the same, so far as it may be affirmed, and will pay all damages and costs which may be awarded against the appellant by the appellate court."

The petition of plaintiffs alleged the breach of said bond by the failure of the principal therein to prosecute said appeal with diligence and effect, or to pay any part of the personal judgment rendered against the contractor. Defendants answered by a general denial. Upon the pleadings and evidence the court sitting as a jury made a finding and gave judgment for plaintiffs for $78.82, being the interest on the judgment recovered by them against the original contractor. Plaintiffs appealed, and assign as error the refusal by the court to give a declaration of law requested by them; that they were entitled, under the law and evidence, to

recover the whole amount with interest and costs of the judgment rendered in their favor against the original contractor.

The court did not err in refusing this declaration of law. The holder of the mortgage on the property was entitled to appeal from the judgment fixing a mechanic's lien upon it for the personal indebtedness of the original contractor. *Hilliker v. Francisco*, 65 Mo. 603. Such an appeal, while it might have brought up for review the finding against the contractor, as well as the validity of the order making it a charge on the property, did not vacate the personal judgment against him, nor, he not appealing, suspend execution thereon. *State v. Finn*, 19 Mo. App. *loc. cit.* 559. The indebtedness upon which the personal judgment was rendered was not that of the mortgagee, nor had the court any power to render a judgment therefor against him. All it could have done was to fix a prior lien on the mortgaged property for its enforcement. This ruling the mortgagee had a right to contest in the trial court, and, upon appeal, in this court. For this purpose it is held that the appeal of the owner (or mortgagee) of the property, upon which a mechanic's lien has been adjudged, brings up the entire judgment rendered in such proceedings. This holding was necessary to effectuate the appeal of the party representing the property, since it might appear thereon that no indebtedness existed, in which event no lien could be charged on the property.

A mechanic's lien proceeding, so far as the subjection of the property is concerned, is one *in rem*. The statute does not provide what stipulation shall be embraced in a bond for an appeal in a proceeding *in rem*. The only form it gives is the one to be used where the appeal operates as a *supersedeas*. R. S. 1889, sec. 2249. This seems to be a case of legislative omis-

sion. *Deatherage v. Sheidley*, 50 Mo. App. 498. As the statutory form was used in the present case, the question is, what obligation did it impose upon the sureties under the conceded facts as to the relation of the court below? The only damage alleged in plaintiffs' petition is the failure of the sureties to pay the personal judgment rendered not against their property, but against the nonappealing defendant in said judgment. There was no obligation resting on their principal to pay this indebtedness, when the bond for appeal was prosecuted. His right to appeal from the judgment affecting his property was unquestionable under the law. The question to be determined on his appeal, as below, was the correctness of the order fixing a lien on his property. Hence it was not compulsory on him to do more than bring up that question for review. In so doing, it can not logically be held that it was necessary for him to assume a personal obligation for a debt which was no concern of his, further than it might or might not be a lien on his property. From these premises it is apparent that, unless the sureties have by the terms of the bond in question assumed an obligation not imposed by law upon their principal at the time of his appeal, there can be no recovery in this action. An inspection of the provisions of the bond in suit shows that it was conditioned, in case of failure of appeal, upon a performance of the judgment of the appellate court or that directed by such court, and, in the event of affirmance, the performance of the judgment, so far as it might be affirmed. Construing this language by the nature and character of the judgment appealed from, as we must (*Hunt v. Hopkins*, 83 Mo. 13; *Deatheridge v. Sheidley, supra; Kephart v. Bank*, 4 Mich. 602; *Kennedy v. Nims*, 52 Mich. 153), it will be seen that it only obligates the sureties on the appeal bond to the extent of the judgment against their principal, which

was that certain property mortgaged to him was charged with a lien for a personal judgment against another. The language in question, as thus construed, does not authorize a suit against these defendants as sureties for the nonpayment by their principal of such personal judgment. Hence, in any view of the extent of the obligations imposed upon defendants by the bond in suit, no judgment for substantial damages should have been rendered against them. As they did not complain of the judgment rendered against them, it will be affirmed. All concur.