TOWN OF KIRKWOOD, Respondent, v. JOHN G. CAIRNS *et al.*, Appellants.

St. Louis Court of Appeals, April 22, 1890.

Practice, Appellate : FILING TRANSCRIPT. An order of the trial court extending the time for the filing of the bill of exceptions beyond the time allowed appellant for the filing of the transcript in this court is, *prima facie*, good cause for the failure of the appellant to duly file such transcript; but such order is not conclusive, and, if it is affirmatively shown to have been unnecessary and unwarranted, it will not constitute such good cause.

*Appeal from the St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

MOTION FOR REHEARING SUSTAINED.

ROMBAUER, P. J., delivered the opinion of the court.

The respondent produced a certificate of the circuit clerk, from which it appeared that judgment was rendered herein for the plaintiff in the circuit court on November 30, 1889, and that the defendants took an appeal therefrom on February 1, 1890. No transcript of the record was ever filed in the office of the clerk of this court, and, the appeal having been taken more than thirty days before the present term of this court, the

respondent moves for an affirmance of the judgment under the provisions of section 2252 of the Revised Statutes of 1889.

The respondent supports the motion by affidavits, showing that it employed an official stenographer at the trial ; that the testimony taken at the trial could have been readily transcribed in six days ; and that it tendered to the appellant the evidence thus taken, and offered to have the same transcribed, if appellants so desired, at the respondent's own cost, to be used as the testimony to be embodied in the bill of exceptions ; also by an affidavit tending to show that no complete bill of exceptions has been filed in the cause up to the present date.

The appellants filed an affidavit in opposition to the motion, stating in substance that their motion for new trial was overruled February 1, 1890, which was the last day of the term of the circuit court, and that they thereupon on said day took an appeal, the court entering an order upon its records, granting them leave to file their bill of exceptions fifteen days thereafter ; that before the expiration of such fifteen days, the judge of the circuit for good cause shown, under the provisions of section 2168 of the Revised Statutes of 1889, extended the time for the filing their bill of exceptions for twenty additional days, and that they did file their bill of exceptions within the time thus granted, to-wit, on or about March 9, 1890, which was after the beginning of the present term of this court. The affidavit filed by appellants relies exclusively on these successive extensions as good cause why the judgment should not be affirmed.

Upon the facts thus shown, we affirmed the judgment of the trial court, assigning in substance the following reasons for our action :

Sections 2252 and 2253 of the Revised Statutes of 1889 provide that an appeal, taken thirty days before the first day of the next term of the appellate court to

which the appeal lies, shall be returned to such next term, and that the appellant shall, within fifteen days before the first day of such term, file in the appellate court a perfect transcript of the record or proceedings, or, in lieu of such transcript, a record entry of the judgment below and the order of appeal, and, at such time thereafter as the appellate court may direct, a printed abstract of the entire record. These provisions are mandatory ; they refer to the time of taking the appeal, and not to the time of signing and filing of the bill of exceptions, and the circuit court or its judges cannot set them aside arbitrarily, by extensions of time to file the bill of exceptions. An appellant, who asks for extended time to file his bill of exceptions and obtains it, is not thereby relieved from his obligations to file the record and transcript in the appellate court within the time required by the statute, unless good and satisfactory reasons exist for such extension. If the appellant wants to show good cause why the judgment should not be affirmed for failure to prosecute his appeal, he must satisfy the appellate court that he could not, by the use of reasonable diligence, have filed a complete transcript, or record and printed abstract, as the case may be, in the appellate court within the time required by law, and he fails to do this conclusively by simply showing that successive extensions of time to file his bill of exceptions have been granted to him by the trial court or its judge, but without showing, at the same time, that such extensions were necessary.

When, therefore, the appellant shows no other cause why his transcript was not filed to the return term, than that he obtained successive extensions of time from the trial court or its judge in vacation to file a bill of exceptions, and the respondent satisfies us that such extensions were wholly unnecessary, we ought not to treat the extensions as good cause in themselves, and are warranted in affirming the judgment. To that ruling we still adhere.

Town of Kirkwood v. Cairns.

Since we affirmed the judgment, the appellant has filed a motion for rehearing, supported by numerous affidavits. These affidavits tend to show that the successive extensions of time to file a bill of exceptions were fairly warranted by the circumstances, and that the fact, that they were so warranted, was not shown to us by counter affidavits when the motion to affirm was pending, because appellants' counsel believed in good faith that the action of the trial judge in granting these successive extensions would be taken as conclusive evidence that the extensions were granted upon a showing of their necessity.

As this is the first case calling for a construction of the present law on that subject, and as the question is one admitting of an honest difference of opinion, we will sustain the motion for rehearing, and set aside the judgment of affirmance. At the same time, as it is important that the rule on this subject should be uniform, for the guidance of the bar and trial judges, we will briefly restate our views on the subject. The discretion of the trial court, or of its judge in vacation, to grant extensions of time for the filing of a bill of exceptions, is not an arbitrary but a judicial discretion, and, as such, subject to review in the appellate court. Were the rule otherwise, it would be in the power of the trial courts to prevent appeals from their judgments ever being heard, by indefinitely granting such extensions. *Prima facie*, the extension is presumed to be granted for sufficient cause, upon the presumption which upholds the validity of the orders and judgments of all courts. But, when it is affirmatively shown to us that the extension of time was unnecessary and unwarranted, it is incumbent upon the appellant to show that it was warranted, or otherwise suffer the penalty which the statute attaches to his negligence.

All the judges concurring, the appellants' motion for rehearing is sustained, and the judgment of affirmance entered herein on April 1, 1890, is set aside.