LOUISA BECKMAN, Respondent, v. THE PHŒNIX INSUR- ANCE COMPANY, Appellant.*

St. Louis Court of Appeals, January 5, 1892.

Practice, Appellate: AFFIRMANCE OF JUDGMENT FOR FAILURE TO FILE TRANSCRIPT. If an appeal is granted by the trial court after the lapse of the term at which final judgment was rendered, so that the order granting it was invalid, the judgment cannot be affirmed in this court for the failure of the appellant to duly file a transcript therein.

*Appeal from the Franklin Circuit Court.*

MOTION TO AFFIRM DENIED.

*E. T. & C. B. Allen*, for appellant.

*J. C. Kiskaddon* and *C. F. Gallenkamp*, for respond- ent.

ROMBAUER, P. J.—The plaintiff moves to affirm the judgment of the trial court because the defendant has not perfected its appeal in the manner and within the time prescribed by law. It appears from the clerk's certificate that judgment was rendered in favor of the plaintiff on January 25, 1890, and that an appeal was granted to the defendant September 17, 1890. No transcript has been filed in this court.

* The above opinion was not published in its proper place in Vol. 47 through inadvertence.

The defendant resists the motion and files affidavits by which it appears that after judgment, and in due time it filed a motion for new trial which the court overruled; that twelve days thereafter and at the same term it filed an amended motion for new trial which the court overruled at a subsequent term, and that the reason that no transcript has been filed is that neither the appellant nor his attorney was ever notified by the circuit clerk of the completion of the transcript, which fact under the act of 1891 (Session Acts, 1891, p. 69) is made good cause for denying an affirmance of the judgment by an appellate court.

It appears that the clerk did not make out the transcript because he could not find some of the papers which were to be embodied in it. *Prima facie* it was the duty of the appellant's attorneys to furnish the papers necessary for the completion of his transcript to the clerk, and the clerk's statement shows want of diligence on part of the appellant's counsel. The statute is not designed to prevent an affirmance where the delay is due to the negligence of the appellant or of the appellant's counsel, and hence it is at least doubtful whether the affidavits show good cause under the statutes against the affirmance. On the other hand it would seem from the affidavits that the appeal has been improvidently granted after the lapse of the term when final judgment was entered, and hence that there is no appeal pending in this court, and that we have no jurisdiction to affirm the judgment.

Without committing ourselves as to the sufficiency of the affidavits as showing good cause under the statutes of 1891, we must overrule the motion to affirm as it appears *prima facie* that no appeal has been validly granted, and none is pending in this court.

The motion to affirm is denied. All the judges concur.