SOSMAN & LANDIS, Respondents, v. THOMAS CONLON *et al.*, Appellants.

St. Louis Court of Appeals, November 7, 1894.

Practice Appellate: RETURN TERM OF APPEAL: EFFECT OF ORDER OF TRIAL COURT EXTENDING TIME FOR FILING OF BILL OF EXCEPTIONS. The term to which an appeal to this court is returnable is governed exclusively by Revised Statutes, section 2252, and will not be affected by an order of the trial court extending the time for the filing of a bill of exceptions; and such order will not relieve the appellant from filing in this court a transcript or proper certificate and abstract in lieu thereof, if he could, through the exercise of reasonable diligence, have done so within the prescribed time.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*White & McCammon* for appellants.

*Heffernan & Buckley* and *Elles & Elles* for respondents.

BIGGS, J.—The respondents have filed a copy of the judgment entry and the order granting the appeal in the above cause, and ask us to affirm the judgment for failure to prosecute. The judgment was rendered on the fourth day of June, 1894; the motion for new trial was overruled on the ninth; on July 14, the appeal was granted, and appellants given sixty days thereafter in which to file bill of exceptions; and within the time granted, to wit, on September 10, the bill was filed. The appellants took no further steps towards prosecuting their appeal to the present term of this court.

In support of the motion the respondents have filed several affidavits. That of the official stenographer is to the effect that he delivered a complete transcript of the evidence to the counsel for the appellants on July 17. The counsel for the respondents made affidavit that the bill of exceptions was not presented to him for examination until September 6; that he kept it not exceeding three days, and then returned it to the opposite counsel. The affidavit of the clerk of the circuit court is to the effect that, during the months of July and August, he and his clerks had abundant leisure, and that the transcript could have been easily prepared during those months if the bill of exceptions had been filed; that the appellants made no demand on him for the transcript until September 25,

at which time he and his assistants were very busy with other work (the court then being in session), and that the work could not then be done without neglecting other important business which was fairly entitled to precedence, and that it would take probably ten or twelve days to do the work. Respondents also filed the affidavits of several attorneys that the stenographer was very efficient, and that the examination and correction of his work entailed but little labor on counsel.

In opposition to the motion the affidavits of the attorneys of appellants are filed, in which they state that the bill of exceptions could not have been prepared very much short of the time granted by the court. One of them states that the transcript of the evidence was delivered to him about a month after the entry of the order granting the extension, and that it required from that time until September 6 to complete the bill.

Section 2252 of the Revised Statutes of 1889, as amended in 1891 (Sess. Acts, 1891, p. 69), provides that "all appeals taken sixty days before the first day of the next term of the supreme court or either of the courts of appeal shall be returnable to such next term," etc. Section 2168 of the statutes provides that a bill of exceptions may be filed within such time after the term at which the cause is tried, "as the court may by an order entered of record allow, which may be extended by the court or judge in vacation for good cause shown, etc." Under the amendment to section 2252, *supra*, the appeal in the present case was properly returnable to the present term of this court, unless the order of the circuit court granting time for the filing of the bill of exceptions made the appeal returnable to the succeeding term.

In the case of *Town of Kirkwood v. Cairns*, 40 Mo. App. 631, we decided that the provisions of section 2252 are mandatory, and that they refer to the time of

granting the appeal and not to the time when the bill of exceptions is filed; that circuit courts can not, by arbitrarily extending the time for filing bills of exception, set aside these provisions, and that the mere fact that there has been an extension of time for filing the bill does not relieve an appellant from filing a transcript, or, in lieu thereof, a certified copy of the judgment entry and order granting the appeal (section 2253), unless the appellate court is satisfied that by the exercise of reasonable diligence he could not have filed a complete transcript or a printed abstract of the record in the appellate court within the time prescribed by the rules of the court. The Kansas City court of appeals has adopted a different construction. *Hicks v. Hoos*, 44 Mo. App. 571. That court, speaking through Judge ELLISON, said: "The appeal was not perfected in the sense of becoming obligatory on appellant to file his transcript until after the signing and filing of the bill of exceptions," thus in effect deciding that section 2168 is amendatory of section 2252. We can not consent to this. Both sections may be harmonized, and given their full effect, by holding that the discretion, which is conferred on circuit courts by section 2168 to grant extensions for filing bills of exception is judicial and therefore subject to review. This construction tends to facilitate the hearing of causes in the appellate court, while that adopted by the Kansas City court of appeals tends to retard litigation.

Now, in the case at bar the stenographer swears that he delivered a complete transcript of the evidence to the attorney for the appellants on the seventeenth day of July. He determines this date from the receipt for his fees for making the transcript. In opposition to this, one of the counsel for appellant states that he received a copy of the evidence about a month after the appeal was granted. He does not attempt to fix the

exact day, but it could not have been later than August 14. If his statement be accepted as the correct one, there could be no excuse for the long delay in completing the formal portions of the bill, for it is conceded that it was not submitted to opposite counsel until September 6. But, conceding that all of this time was necessary to examine the evidence and complete the bill, the appellants have shown no reason for their failure to bring the case here upon a certificate under section 2253, *supra*. The bill of exceptions was filed on the tenth of September, which would have given them ample time to have had the case docketed in this court and the abstracts of the record printed and filed within the time prescribed by the rules of the court, as the causes from that circuit to the October term of this court are never set for hearing until January following. Therefore, under any view, the appellants have failed to prosecute their appeal according to the requirements of the statute.

The motion of the respondents will be sustained, and the judgment of the circuit court affirmed. All the judges concur.