SPRINGFIELD STEAM LAUNDRY COMPANY *et al.*, Respondents, v. THE AMERICAN CENTRAL INSURANCE COMPANY, Appellant.

### St. Louis Court of Appeals, April 9, 1895.

1. **Practice, Appellate:** DILIGENCE IN PROSECUTION OF APPEAL. Though an appellant, on the filing of the bill of exceptions, notifies the circuit clerk to prepare a complete transcript, he is not entitled to thereafter rest content, until he is notified of the completion of the transcript. The onus is still on him to show some diligence in the prosecution of his appeal.

2. ——: ——. This onus is not discharged, when the transcript is not filed in this court and the plaintiff is chargeable with notice of the fact that the cause has not been docketed for hearing in this court, yet fails to make inquiry as to the reason.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

*Heffernan & Buckley* for respondent.

ROMBAUER, P. J.—The plaintiff obtained judgment in the trial court on the twenty-seventh day of November, 1894. The defendant appealed the same day, and

filed its bill of exceptions on the twenty-second day of December, 1894, and within the time fixed by order of the court. No transcript of the cause was filed in this court at any time, although the appeal was returnable to the March term thereof. The plaintiffs on the third of April, 1895, filed the certificate of the clerk showing the date of the allowance of the appeal, and moved for an affirmance of the judgment for failure to prosecute. The defendant thereupon filed the affidavit of its counsel in opposition to the motion. The affidavit states, in substance, that defendant's counsel directed the clerk, when they filed the bill of exceptions, to make out a transcript of the record with all convenient speed, and that the clerk has never notified either the appellant or its attorneys that such transcript had been made out, as required by the Act of 1891 (Session Acts, 1891, p. 69). The plaintiffs have filed counter affidavits of the former and present circuit clerk, and of their deputy, which are to the effect that neither of them was ever requested to make out a transcript of the record.

It is evident that someone is mistaken. Either defendant's counsel forgot to notify the clerk to make out a transcript, or the clerks and their deputy forgot that they were thus notified. We do not deem it material to decide which version of the fact is the most probable, since we must conclude that the defendant has failed to show due diligence in the prosecution of the appeal, even if its version of the transaction is correct.

The appeal was returnable to the March term of this court. Under the orders of this court each firm whose name appears upon the docket is furnished with a printed copy thereof several weeks before the meeting of the court. The name of the defendant's counsel appears to several cases on such printed docket, and they must, therefore, be held to have been advised that

this case was not docketed for the March term. This should have put them upon inquiry, why the order which they claim to have given to the circuit clerk was not obeyed. It stands conceded that they never made any inquiry of the circuit clerk, and that they took no further steps to perfect the appeal, until the plaintiffs were put to the expense of procuring and filing a certified copy of the judgment and order allowing the appeal in this court. The plaintiffs thus were deprived of the benefit of having the cause decided at the present term, and were put to the expense of a transcript and docket fee, which, as their affidavits show, they incurred only after information obtained from the circuit clerk that the appeal had been apparently abandoned.

We have repeatedly decided that, under such circumstances, an appellant is not within the saving clause of the Act of 1891. *Beckman v. The Phœnix Ins. Co.,* 49 Mo. App. 343; *Town of Kirkwood v. Cairns,* 40 Mo. App. 631. That act does not contemplate that an appellant, who has notified a clerk to make out a transcript, need pay no further attention whatever to the matter until he is notified by the clerk that the transcript has been made out. The onus of showing some diligence still remains with him.

All the judges concurring, the judgment is affirmed.