JOHN L. JOHNSON, Respondent, v. JOHN W. RIGGS, Appellant.

| 67 | 491 |
| 95 | 510 |

Kansas City Court of Appeals, November 23, 1896.

Appellate Practice: AFFIRMANCE FOR THE WANT OF PROSECUTION. Where appellant for more than two years after taking his appeal fails to perfect the same by filing a transcript or the clerk's certificate in the appellate court, the judgment should be affirmed for the want of prosecuting the appeal, notwithstanding respondent's attorney may have promised to take no advantage of the delay.

*Appeal from the DeKalb Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

*R. A. Hewitt, Jr.*, and *Haynes & Casteel* for appellant.

*Harwood & Hubbell* for respondent.

SMITH, P. J.—This cause was brought here by appeal under the provisions of section 2253, Revised Statutes. The respondent has also filed a like certificate of the clerk, accompanied with a motion to affirm the judgment. It appears from said certificate that the final judgment was given at the February term, 1893, of the circuit court, and that an appeal was granted the defendant at the same time. It further appears from the indorsement of the clerk on appellant's certificate that the same was not filed here until the twenty-ninth day of August, 1896, or not until the lapse of more than three years after the grant of the appeal. It further appears from the affidavit of the appellant's attorney that shortly after the term at which the judg-

ment was rendered, he requested the clerk of the circuit court to make out a transcript of the record. It further appears that nothing was done by the clerk towards complying with the request of the appellant's attorney, and that the matter passed out of the mind of the latter until three years afterward, when the respondent's attorney called his attention to the fact that the transcript had not been filed in the office of the clerk of this court. *Laundry Co. v. Ins. Co.*, 62 Mo. App. 11. That the appellant's attorney then set about prosecuting the appeal according to the short method provided by section 2253, Revised Statutes, and finally succeeded in filing the clerk's certificate in this court at the time already stated.

The appellant's attorney in his affidavit further states that respondent's attorney, some time after the filing of the certificate by the clerk of this court, assured the former that no advantage of the delay of the latter in prosecuting the appeal would be taken.

We think the motion to affirm should be sustained. The facts stated in the affidavit of appellant's attorney show no excuse for appellant's negligence. The fact that he did not think of the matter for two years after the appeal was granted, and perhaps would not have done so then but for the action of the respondent's attorney calling his attention thereto, shows a case of needless and inexcusable delay in prosecuting the appeal.

There is nothing left for us to do but to affirm the judgment, which is accordingly ordered.